JOHN HANEY v. INTERNATIONAL
HARVESTER COMPANY.
MARVIN STAMNESS AND OTHERS,
THIRD-PARTY DEFENDANTS.

201 N. W. 2d 140.

September 22, 1972—No. 43111.

*Castor, Stich & Ditzler, John E. Castor, Robert T. Stich,* and
*Austin D. Ditzler,* for appellant.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *Richard C. Hefte,* for respondent Stamness.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

KELLY, JUSTICE.

Defendant, International Harvester Company, appeals from a district court order dismissing with prejudice its third-party claim against Marvin Stamness, employer of plaintiff. Reversed and remanded but without prejudice.[1]

Plaintiff, John Haney, brought this action to recover damages suffered by him in a one-vehicle (truck) accident on April 5, 1969, in Grant County, claiming defendant was negligent in the manufacture, design, and assembly of the truck. He also claimed breach of warranty as well as strict liability for an alleged defect in the vehicle at the time of manufacture. The truck plaintiff was operating was owned by Marvin Stamness, plaintiff's employer at the time the accident occurred. The truck apparently went out of control and left the road.

Defendant filed a third-party complaint against Marvin Stamness, the Douglas County Co-op, and George Torgerson, d.b.a. West Side Machine Shop. Stamness counterclaimed against International Harvester for damages to the truck. The gist of International Harvester's claim against Stamness is that, if any defect existed, it was caused to exist by him and that, if any warranty was breached, such breach was by him. The trial court dismissed the claim against Stamness on the grounds that any liability of Stamness is exclusively under the provisions of the Workmen's Compensation Act, citing Minn. St. 176.061, subd. 10.

---

[1] The appealability of the order in this case, which adjudicated with prejudice the claims against fewer than all of the parties involved in the action, was not raised, briefed, or argued in this court. See, Rule 54.02, Rules of Civil Procedure; Rule 103.03(d), Rules of Civil Appellate Procedure; Locke v. Henry, 273 Minn. 491, 141 N. W. 2d 736 (1966); 3 Hetland & Adamson, Minnesota Practice, Appellate Rules Ann., p. 285. Without passing on this issue, we in any event grant discretionary review.

The sole issue is whether the third-party action against plaintiff's employer should have been dismissed where plaintiff-employee, who has received workmen's compensation benefits, has sued defendant for common-law negligence and defendant has brought the employer in as a third-party defendant for contribution or indemnification and where the employer has counterclaimed against defendant.

Minn. St. 176.061, subd. 10, provides:

"If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person, results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgments or settlements in absence of a written agreement to do so executed prior to the injury."

This statute has no application in the instant case because it was not effective until September 1, 1969. Cooper v. Watson, 290 Minn. 362, 187 N. W. 2d 689 (1971). The accident took place on April 5, 1969. The language contained in § 176.061, subd. 10, before 1969 was part of § 176.061, subd. 2, but at that time, as at the present, subd. 4 limited subd. 2 to certain situations not applicable here. Thus, in this case no specific statute actually controls the rights of International Harvester to proceed against the employer.

While both contribution and indemnity are included under the general term of restitution and are based on equitable principles, they are different in their specific applications. Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. 2d 843 (1960). In Hendrickson, this court defined and distinguished these two remedies as follows (258 Minn. 370, 104 N. W. 2d 846):

"Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear. Contribution

rests upon principles of equity. Indemnity is the remedy securing the right of a person to recover reimbursement from another for the discharge of a liability which, as between himself and the other, should have been discharged by the other. Indemnity is generally said to rest upon contract, either express or implied. However, there are numerous exceptions and situations in which a contract is implied by law, and contract, therefore, seems to furnish too narrow a basis. In the modern view, principles of equity furnish a more satisfactory basis for indemnity.

"Contribution and indemnity are variant remedies used when required by judicial ideas of fairness to secure restitution. Although similar in nature and origin and having a common basis in equitable principles, they differ in the kind and measure of relief provided. Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely. Differing thus in their effect, these remedies are properly applicable in different situations. Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties.

"At common law joint or concurrent tortfeasors had no right as against each other to secure either contribution or indemnity. However, Minnesota, and a growing minority of other states, have extended the right of contribution to joint tortfeasors by common law in cases where the one seeking contribution was not guilty of intentional wrong. The basis for contribution, nevertheless, remains the fact that there was a common liability, and that one has discharged more than his just share. Accordingly, a person who discharges a liability for a tort cannot recover contribution from a joint tortfeasor who is immune from action with respect to such tort because of some personal defense. The right does not exist in such circumstances because there is no common liability.

"Although the modern view, prevailing in this state, does not preclude indemnity among joint tortfeasors, the situations in which it is allowed are exceptional and limited. A joint tortfeasor may generally recover indemnity only in the following situations:

"(1)   Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.

"(2)   Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged.

"(3)   Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

"(4)   Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged.

"(5)   Where there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved.

\*   \*   \*   \*   \*

"It is argued on behalf of defendant Gabrielson that having paid workmen's compensation benefits to dependents of decedent he is exonerated by the Workmen's Compensation Act from liability to any other person arising out of the injury or death of his employee. However, this court has long held that the Workmen's Compensation Act is intended to control only the rights between employer and employee and does not by its terms prevent contribution or indemnity where appropriate. This also seems to be the general rule. Nevertheless, the act does affect the right to contribution where the concurrent negligence of the employer and a third party causes injury to an employee. Since workmen's compensation statutes provide that the obligations thereunder are the only liability of the employer to the employee, or his representatives, there is no common liability involving the

employer and third party in such situations; and, therefore, there is no ground for allowing contribution."

Thus, under the rationale of Hendrickson, it appears that neither contribution nor indemnity are applicable in this case. Indemnity should not apply because the defendant's situation does not fit any of the five situations spelled out in Hendrickson, and contribution should not apply because there is no common liability between employer Stamness and International Harvester.

International Harvester argues that Hendrickson and all other Minnesota cases with issues similar to those in the instant case arose prior to the adoption of the doctrine of comparative negligence. Minn. St. 604.01. As a part of its argument, it points out that the former inflexible contributory negligence rule might give rise to inequities if the employer is subjected to the remedies of contribution or indemnification, whereas the comparative negligence rule would preclude these inequities. It also contends that fairness and equity require that it should be liable, if at all, under the comparative negligence rule and that the liability to Haney should be apportioned between it and Stamness according to the percentage of negligence of each.

International Harvester also points out that other states, even absent the comparative negligence rule, have not followed the rule of Minnesota but have permitted contribution or indemnity from the employer in situations nearly identical to those of the instant case. In this connection, their brief cites a number of foreign decisions: Witt v. Jackson, 57 Cal. 2d 57, 17 Cal. Rptr. 369, 366 P. 2d 641 (1961) ; Tate v. Superior Court, 213 Cal. App. 2d 238, 28 Cal. Rptr. 548 (1963); Liberty Mutual Ins. Co. v. Adams, 91 Idaho 151, 417 P. 2d 417 (1966) ; Miller v. DeWitt, 37 Ill. 2d 273, 226 N. E. 2d 630 (1967). In Witt the court pointed out (57 Cal. 2d 70, 17 Cal. Rptr. 376, 366 P. 2d 648) :

"A majority of jurisdictions that have passed on the question have held that a third party tortfeasor cannot assert the concur-

rent negligence of the employer as a defense, whether the employer, the employer's carrier, or the employe has brought the action against him. (Cyr v. F. S. Payne Co. (D. Conn.) 112 F. Supp. 526, 532; Williams Bros. Lumber Co. v. Meisel, 85 Ga. App. 72 [68 S. E. 2d 384, 388] ; Fidelity & Casualty Co. v. Cedar Valley Electric Co., 187 Iowa 1014 [174 N. W. 709, 711] ; City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680 [82 So. 785, 787] ; General Box Co. v. Missouri Utilities Co., 331 Mo. 845 [55 S. W. 2d 442, 445]; Utley v. Taylor & Gaskin, 305 Mich. 561 [9 N. W. 2d 842, 847-848] ; Graham v. City of Lincoln, 106 Neb. 305 [183 N. W. 569]; Royal Indemnity Co. v. Southern California Petroleum Corp., 67 N. M. 137 [353 P. 2d 358, 363]; Baker v. Traders & General Ins. Co. (10 Cir.) 199 F. 2d 289 [Oklahoma law]; Clark v. Chicago, M. St. P. [& P.] R. Co., 214 Wis. 295 [252 N. W. 685, 689].) Most of these cases have reasoned that the employer should be able to get reimbursement from the third party tortfeasor despite his own concurrent negligence because the relevant Workmen's Compensation Act did not expressly preclude his recovery. Others have reasoned that the employer's rights against the third party are precisely the same as the rights of the employee; since the employee is not barred, neither is the employer.

"A few jurisdictions, however, notably Pennsylvania and North Carolina, have not allowed the negligent employer to get reimbursement from the third party tortfeasor. (See also Rylander v. Chicago Short Line Ry. Co., 17 Ill. 2d 618 [161 N. E. 2d 812] ; Alaimo v. Du Pont, 11 Ill. App. [2d] 238 [136 N. E. 2d 542]; Thornton Bros. Co. v. Reese, 188 Minn. 5 [246 N. W. 527]; Baccile v. Halcyon Lines (3 Cir.) 187 F. 2d 403, revd. on other grounds, Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U. S. 282 [72 S. Ct. 277, 96 L. Ed. 318].) When an employee recovers a judgment against a third party tortfeasor, Pennsylvania allows the third party to secure contribution from the negligent employer, limited to the amount of compensation payments the employer has made to the employee. (Maio v. Fahs,

339 Pa. 180 [14 A. 2d 105, 110]; Brown v. Dickey, 397 Pa. 454 [155 A. 2d 836, 840].) North Carolina, on the other hand, holds that the third party is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee if he can prove that the concurrent negligence of the employer contributed to the injuries suffered by the employee. (Brown v. Southern Ry. Co., 204 N. C. 668 [169 S. E. 419]; Essick v. City of Lexington, 233 N. C. 600, [65 S. E. 2d 220, 225]; Lovette v. Lloyd, 236 N. C. 663 [73 S. E. 2d 886, 892].)"

In Miller v. DeWitt, *supra*, the Illinois court allowed a passively negligent third party to seek indemnification from an actively negligent employer.

Based on these foreign cases, International Harvester argues that an employer whose negligence contributed to the employee's injuries should not be permitted to recoup all of the workmen's compensation payments. The difficulty with this argument is that it is contrary to the basic principles of indemnity and contribution as expressed or implied in a number of this court's cases.[2]

However, the net result of all of our decisions in this area is that an obvious injustice may be done to a third-party tortfeasor in cases similar to the instant case. Assume, for the sake of argument, that of the negligence involved in a given case 90 percent is attributable to the employer and only 10 percent to the third-party tortfeasor and none to the employee. Under the rationale of our present cases, the third-party tortfeasor could be held liable for 100 percent of all damages the employee recovers and the employer could recoup all payments made to the employee under the workmen's compensation laws.

If equity is the basic underlying principle of the remedies of

---

[2] Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. 2d 843 (1960); Keefer v. Al Johnson Const. Co. 292 Minn. 91, 193 N. W. 2d 305 (1971); Cooper v. Watson, 290 Minn. 362, 187 N. W. 2d 689 (1971); Lunderberg v. Bierman, 241 Minn. 349, 63 N. W. 2d 355 (1954); Froysland v. Leef Bros. Inc. 293 Minn. 201, 197 N. W. 2d 656 (1972).

contribution and indemnity, should not one or the other of these remedies be afforded the third-party tortfeasor at least to the extent that the employer may not recoup the workmen's compensation benefits paid by him? Should these remedies be given to third-party tortfeasors only in the event of a great disparity in the degree of fault? It would seem that we should endeavor to correct injustices whether small or large within practical limits. While it may be convenient for appellate courts to set up unyielding legal fictions to better enable the courts to follow legal precedents, we have expanded, changed, and discarded such legal fictions where necessary to right the otherwise unrightable wrongs. The possibility of an obvious unfairness to the third-party tortfeasor in cases similar to this one raises a due process question. International Harvester contends in effect that taking from it the remedies of contribution and indemnity deprives it of its property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and of art. 1, § 8, of the Minnesota Constitution. They cite no authorities for this proposition. However, research shows that a number of courts have considered whether due process is violated when a common-law right is abrogated by statute. In the instant case, the third-party tortfeasor under the rationale of our cases is not entitled to contribution on the theory that the employer is not a joint tortfeasor since the workmen's compensation law abrogates his common-law tort liability to the employee. Without such liability to the injured party, he is not a tortfeasor. Thus, the workmen's compensation statute has indirectly abrogated the third party's common-law right to contribution.

We have been unable to find any reported decisions which confront the precise issue involved here—i.e., a due process violation because a third-party tortfeasor's right to indemnity is abrogated by the workmen's compensation laws. However, there have been other instances which are instructive on this issue in

which common-law rights of action have been extinguished by statutory changes.

In New York Central R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. ed. 667 (1917), the Supreme Court upheld New York's Workmen's Compensation Act as not violating due process. The court held that due process was not violated because the common-law rights of action between employer and employee for negligence had been replaced by a reasonable substitute. While the court was able to dispose of the due process question on this basis, there is some interesting dictum. The court noted that due process *may* be violated if a state—

"suddenly set aside all common-law rules respecting liability as between employer and employee, *without providing a reasonably just substitute.* * * * [I]t perhaps may be doubted whether the State could abolish all rights of action on the one hand, or all defenses on the other, without setting up something adequate in their stead." (Italics supplied.) 243 U. S. 201, 37 S. Ct. 252, 61 L. ed. 674.

A similar challenge on the basis of due process was made to the Massachusetts no-fault insurance laws in Pinnick v. Clery, 271 N. E. 2d 592 (Mass. 1971). The could held that due process was not violated since the no-fault statute (1) provided a reasonable substitute for preexisting common-law rights, and (2) had a rational relation to a legitimate legislative objective. However, the court, as in White, was not forced to face the more difficult question of whether a common-law right of action can be abrogated without providing a reasonable substitute.

In other cases common-law rights of action have been extinguished without providing a substitute. In all these cases the courts have held that due process was not violated because the legislature was pursuing a permissible objective. In Silver v. Silver, 280 U. S. 117, 50 S. Ct. 57, 74 L. ed. 221 (1929), the Supreme Court upheld a "guest statute." The "permissible legislative object" was found in preventing vexatious litigation occa-

sioned by passengers carried gratuitously in automobiles. In Hanfgarn v. Mark, 274 N. Y. 22, 8 N. E. 2d 47 (1937), a statute abolishing actions for alienation of affections and criminal conversation was upheld. The court, after finding that these actions were based on the marriage relationship itself and that the marriage agreement is *not a common-law contract*, concluded that the actions could be abolished without violating due process. The court again noted a legitimate legislative objective in correcting an evil growing out of the marital relationship.

While there are additional cases such as the two discussed immediately above, they are not further illustrative of the point. The point which emerges is that a common-law right of action may be abrogated without providing a reasonable substitute if a permissible legislative objective is pursued. In the cases which have arisen involving such abrogated rights of action, it has been determined that the legislative objective has been to prevent vexatious litigation.

Applying these principles to the instant case, it would appear that no legitimate objective is fostered by an interpretation of the workmen's compensation laws to prevent indemnification to a third-party tortfeasor from a negligent employer. With this in mind, there may be a due process violation when the third-party tortfeasor's right to indemnity is extinguished by the workmen's compensation laws without providing him a reasonable substitute for his right. Without a determination of the comparative negligence of the parties involved, however, this may not be an appropriate case in which to determine if due process has been denied to International Harvester. A due process argument, however, may lend some support to carving out another area permitting indemnification. This court should possibly reconsider granting indemnification where there is great disparity in the degree of fault of the parties.

This court commented in Hendrickson (258 Minn. 373, 104 N. W. 2d 848):

"Many cases suggest that indemnity is granted where there

is a great disparity in the degree of fault of the parties.[21] This may be a satisfactory rationalization of the results. However, this court has not relied upon such rationale, and the Minnesota cases are equally explicable by the more specific principles stated above.

"[21] Washington Gas Light Co. v. Dist. of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. ed. 712; Slattery v. Marra Bros. (2 Cir.) 186 F. (2d) 134; United States v. Savage Truck Line (4 Cir.) 209 F. (2d) 442, 44 A. L. R. (2d) 984; Standard Oil Co. v. Robins Dry Dock & Repair Co. (2 Cir.) 32 F. (2d) 182; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co. (Mo.) 323 S. W. (2d) 788; see, Annotation, 38 A. L. R. 566, and cases cited."

This case involves strict liability; breach of warranty, express or implied, with or without privity; and comparative negligence, all of which are in a developing field of the law. Dippel v. Sciano, 37 Wis. 2d 443, 155 N. W. 2d 55 (1967). It also involves equitable remedies which by their very nature are constantly being changed to right otherwise unrightable wrongs. When we also are concerned with the question of due process, we hesitate to decide the important issues presented by this case without a factual setting. The trial court's order for summary judgment under the then prior decisions of this court was certainly appropriate. However, because of the questions posed, we would prefer to have a trial which would give us a complete factual setting. The trial should include a determination of the percentage of negligence as between employee Haney, employer Stamness, and International Harvester. Presumably, this determination would be made anyway because of the claim made by Stamness for damages to his truck. Various defenses may be available to defend against a prima facie case of strict liability. See concurring opinion of Mr. Justice Rogosheske in Magnuson v. Rupp Mfg. Inc. 285 Minn. 32, 171 N. W. 2d 201 (1969). Thus, the trial court should pass upon all issues raised in the new trial, including all of the issues discussed in this opinion. We hesitate without a

factual setting and without a determination of the percentage of negligence attributable to the various parties to pass upon the troublesome questions raised upon this appeal.

The order of the district court dismissing the third-party action by International Harvester Company against Stamness is hereby reversed but without prejudice to a renewal of a motion for a similar order after the trial of all issues presented and after a factual determination as directed herein.

Reversed and remanded.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.