**Ronnie-Dean LEPPALA, Plaintiff,**

v.

**SAWBILL CANOE OUTFITTERS, INC.,
a corporation, Defendant.**

**No. 5-72 Civ. 109.**

United States District Court,
D. Minnesota,
Fifth Division.

July 18, 1973.

Weinberg, Litman & Kaner by Sidney Kaner, Duluth, Minn., for plaintiff.

Sullivan, Hanft, Hastings, Fride & O'Brien by William M. Burns, Duluth, Minn., for defendant.

MEMORANDUM

NEVILLE, District Judge.

In this diversity action, plaintiff alleges that on June 14, 1972 he was employed by Duratronics, Inc. and dispatched to the premises of defendant Sawbill Canoe Outfitters, Inc. to install thereon a radio-telephone system. This required plaintiff, in his capacity as an electronic technician, to climb a certain wooden pole owned by defendant and situate on defendant's premises. While on the pole it broke, causing plaintiff to fall to the ground, allegedly sustaining numerous personal injuries. Plaintiff alleges that the accident occurred as a result of defendant's negligence in violation of a duty to provide plaintiff with a

safe place to work and further that defendant is strictly liable, having exposed plaintiff to premises that were inherently dangerous.

█ The motion before the court is brought by defendant for leave to bring plaintiff's employer, Duratronics, Inc., into this suit as a third party defendant, citing Rule 14(a) of the Federal Rules of Civil Procedure which provides that defendant may at any time third-party another "who is or may be liable to him for all or part of the plaintiff's claim against him." The proposed third-party complaint alleges that the employer itself was guilty of negligence and thus defendant should have a right over against it for contribution or indemnity in the event defendant is held to have a liability to plaintiff, the injured employee. This squarely raises the issue as a matter of law whether, under any finding of fact, where an injured employee who is recovering workman's compensation benefits sues, as a plaintiff, an outside third-party for negligence, the employer may be held liable to such third party either by way of contribution or indemnity should such outside third party be found to have a liability to plaintiff. To answer that question the court must look to and apply state law under the familiar principle of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Under the Minnesota Workmen's Compensation Act plaintiff is prohibited from suing his employer Duratronics, Inc. for negligence as at common law under Minn.Stat. § 176.031, though he is permitted by Minn.Stat. § 176.061, Subd. 5 to sue a third-party whose claimed negligence caused or contributed to his injury. If recovery is effected by the employee, the first amounts received reimburse the employer or its insurer for amounts paid under the Workmen's Compensation Act, and any excess is retained by the plaintiff employee. An amendment to the Minnesota Workmen's Compensation Act was adopted which became effective September 1, 1969, prior to the events alleged in plaintiff's complaint, which amendment reads as follows:

"Section 176.061. Subd. 10. *Employer not liable to third party.* If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person, results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgments or settlements in the absence of a written agreement to do so executed prior to the injury."

In actions under Chapter 176 of the Workmen's Compensation Act prior to the enactment of Subd. 10, above quoted, the case law in the Minnesota State courts made factual distinctions between contribution and indemnity.

"Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear. Contribution rests upon principles of equity. Indemnity is the remedy securing the right of a person to recover reimbursement from another for the discharge of a liability which, as between himself and the other, should have been discharged by the other." Hendrickson v. Minnesota Power & Light Co., 258 Minn. 368, 370, 104 N.W.2d 843, 846 (1960).

Although generally allowed between unintentional joint tortfeasors, contribution has not been allowed against an employer, who is under the workmen's compensation act because the statute was held to have abrogated the employer's common law liability to the employee. Without that liability, the employer could not be a tortfeasor and not being a tortfeasor, a fortiori could not be a *joint* tortfeasor. Since the employer could not be a joint tortfeasor it clearly could not be held liable for contribution. Froysland v. Leef Bros. Inc.,

293 Minn. 201, 197 N.W.2d 656 (1972); Hendrickson v. Minnesota Power and Light Co., *supra*; Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355 (1954); Keefer v. Al Johnson Construction Co., 292 Minn. 91, 193 N.W.2d 305 (1971), where the court said in part:

". . . there was no common source of liability between the employer . . . and the third-party . . ., and accordingly, there could be no issue of comparative negligence between them."

*See* Haney v. International Harvester Co., 294 Minn. 375, 201 N.W.2d 140 (1972).

On the other hand, indemnity had been allowed in certain specified and narrowly categorized areas as enumerated in Hendrickson v. Minnesota Power and Light Co., *supra*.

Plaintiff contends that Section 176.-061, Subd. 10, *supra,* clearly precludes any attempt of defendant to join plaintiff's employer Duratronics, Inc. for either contribution or indemnity. Conversely defendant argues that Subdivision 10 is unconstitutional under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution because it abrogates common law rights by precluding joinder of third-party defendants who may be liable for either contribution or for indemnity without providing a reasonable substitute remedy. His theory is that such a result is a deprivation of property without due process. Neither counsel is able to cite any authority for this proposition. The Minnesota Supreme Court in Haney v. International Harvester Co., 294 Minn. 375, 201 N.W.2d 140 (1972), recently noted the existence of the possible constitutional problem, but did not decide the issue. It held that the facts before it arose prior to the enactment of Subdivision 10 and therefore the case was decided under pre-existing law. The case was remanded for a factual determination of issues of strict liability, warranty and negligence. Likewise Judge Larson of this court in Guil-

lard v. Niagara Machine and Tool Works, No. 4–71 Civ. 109 (D.Minn. March 2, 1973), came to the same conclusion in disallowing a third-party complaint against the employer and stated in a footnote that:

"The principle that an employer's liability to an injured employee is limited to his liability as defined by the Workmen's Compensation Act has come into question in the Minnesota State courts. While the Minnesota State Court has indicated a willingness to reconsider that principle, it remains controlling until altered by that Court. See Haney v. International Harvester Co., 294 Minn. 375, 201 N.W.2d 140 (1972)."

Attention is called to Sargent v. Axel H. Ohman, Inc., 343 F.Supp. 316 (D.Minn.1972), which is another case decided by this court. It is cited for the proposition that defendant should be allowed leave to prove the propriety of third-party joinder by making a showing that it is entitled to indemnity from plaintiff's employer under the *Hendrickson* doctrines as a preliminary matter before the substantive issue of liability is decided. However, that case was decided without any reference to Subdivision 10 and involved events occurring prior to the effective date and therefore is not dispositive of the present issue which directly calls into question the validity of Subdivision 10.

Clearly, if Subd. 10 be *not invalid,* it precludes as a matter of law defendant's attempt to "third party" the employer for it provides the third party shall "have no liability to reimburse or hold such person harmless" which would include both legal concepts of contribution and indemnity. The court need not decide the substantial question whether a three judge court should not be required to accede to defendant's contentions. 28 U.S.C. § 2281 requires such a court where the request is to restrain the "operation or execution" of a state statute. Neither side has suggested or requested a three judge court.

■ Defendant's theory of a constitutional violation even though hinted at in *Haney, supra,* cannot be sound. The very theory of our democracy in this United States is that the people in a general "town meeting" legislate and determine by majority vote what the law should be that will govern all of them. Obviously the "town meeting" concept is not feasible in a state such as Minnesota with some 3,000,000 population and so representatives are elected to comprise the legislative branch of government. The laws the legislature passes by a majority bind all. Were the suggested theory to be adopted, the legislature never could change any rule or holding developed through the common law process of judicial decisions, for it would deprive someone of claimed due process. Under this theory, only the courts themselves could change precedents by judicial decision and any attempt by the legislature (or on a federal level by Congress) to change common law principles would run afoul of constitutional principles. No where does the Constitution provide that common law judicial decisions are property rights or are guaranteed to continue unchanged, fixed and unaltered. To stretch the due process clause to this effect is not warranted and the people have the right (subject to express and accepted constitutional principles) to determine under what laws they shall live and be governed. They have done exactly so in this case by the passage and adoption by the legislature of Subd. 10. Time and again the courts make decisions which the legislative branch later negates by the passage of a law to the contrary. Time and again the courts in interpreting statutes expressly leave any change to the legislative body.

■ Defendant's theory, if adopted, would run to the contrary and cannot be accepted. Further, this court is of the view that it is bound to follow the State law. It is clear that State law prohibits what is attempted and requested here. Though the Minnesota Supreme Court has raised questions about the validity of Subd. 10, it has not ruled on it one way or the other and to date the state law stands and must be followed in diversity actions. As stated above the alleged deprivation of a so-called common law cause of action is not in this court's view a denial of due process under the Federal Constitution. No such examples have been cited to the court, nor did the Minnesota Supreme Court in *Haney* find any direct authority for such a holding. Accordingly, defendant's motion to join the employer as a third party defendant is denied.