Gary GUILLARD, Plaintiff,

v.

**NIAGARA MACHINE & TOOL WORKS,**
Defendant and Third Party
Plaintiff-Appellant,

v.

**GAGE TOOL COMPANY, INC.,** Third
Party Defendant-Appellee.

**No. 73–1294.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1973.

Decided Dec. 5, 1973.

Greer E. Lockhart, Minneapolis, Minn., for appellant.

O. C. Adamson, II, Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Gary Guillard brought an action to recover damages for bodily injuries which he received while operating a power press manufactured by Niagara Machine & Tool Works (Niagara). At the time of the accident, Guillard was within the course and scope of his employment at Gage Tool Company, Inc. (Gage), a corporation engaged in the business of fabricating metal products. The power press responsible for inflicting the injuries was an open back, E150, inclinable press manufactured by Niagara and shipped to Gage. It came equipped with palm (hand-operated) buttons which are so located that when an operator is actuating the machine his hands are not in the path of the ram of the press.

Gage, upon receipt of the press, disconnected the palm buttons and connected a foot switch. The foot switch was not provided by Niagara but a receptacle was built into the machine it manufactured to permit the installation of the foot switch. No guards were added by Gage to prevent operators' hands from wandering under the ram of the press. The machine was used for a punching operation with dies which were not fastened to the press so that it was necessary for the operator to insert his hands under the ram to adjust the dies after each punching operation.

While Guillard was operating the press and while he had his hands in the adjusting position, the press was activated and the ram descended on both of his hands. The accident resulted in the amputation of Guillard's left hand and part of his right hand. Guillard was paid compensation and medical benefits in accordance with the Workmen's Compensation Act of the State of Minnesota.

Thereafter he commenced this action against Niagara claiming:

1. that the press was defective when designed, manufactured and marketed by the defendant in that it was unguarded, capable of being operated with a foot pedal without a guard and there were neither adequate instructions for use nor warning of the danger;

2. that the defendant impliedly and expressly warranted the press to be of merchantable quality and reasonably fit for the reasonably foreseeable uses;

3. that Niagara owed plaintiff a duty of care in the design, manu-

facture, inspection, testing, advertising and sale of the press; and

4. that Niagara was guilty of wanton and reckless misconduct in that it:

a) knew that adequate guarding of the danger zone of its press was required in order to prevent serious injury to operators;

b) had the ability to guard, instruct or warn against the dangerous condition of the press;

c) had access to standards to assist it in providing adequate guarding, instruction or warning;

d) knew or should have reasonably foreseeably known that it was foolhardy not to guard, instruct or warn;

e) wantonly and recklessly failed to guard, instruct or warn.

Niagara then impleaded Gage as a third party defendant for indemnity or, in the alternative, contribution, claiming that Gage was guilty of wanton and reckless misconduct in that it:

1. knew that adequate guarding of the danger zone of the press was required in order to prevent serious injury to operators;

2. had the ability to guard, instruct or warn against the dangerous condition of the press;

3. had access to standards to assist it in providing adequate guarding, instruction or warning;

4. knew or should have reasonably foreseeably known that it was foolhardy not to guard, instruct or warn;

5. wantonly and recklessly did fail to guard, instruct or warn.

Thereupon Niagara sought indemnity or, in the alternative, contribution in accordance with a determination of the percentage negligence as between the parties.

Gage moved for dismissal of the third party complaint on the basis that the Minnesota Workmen's Compensation Act in effect when the cause of action arose barred any claim for negligence under the facts of this case, and thus, indemnification against an employer who participates in the insurance program.[1] The district court granted the motion and entered final judgment on the order pursuant to Federal Rule of Civil Procedure 54(b). Niagara appeals from that order dismissing its third party claim against Gage.

 Contribution and indemnity are variant remedies used to secure restitution. Although similar in nature, they differ in the relief afforded. Contribution rests upon common liability, not joint negligence or joint tort. Merrimac Mining Co. v. Gross, 216 Minn. 244, 248–249, 12 N.W.2d 506, 509 (1943); Parten v. First Nat. Bank & Trust Co., 204 Minn. 200, 201, 283 N.W. 408, 412 (1938); Restatement of Restitution § 81 (1937). Common liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds. Farmers Insurance Exchange v. Village of Hewitt, 274 Minn. 246, 249, 143 N.W.2d 230, 233 (1966); Koenigs v. Travis, 246 Minn. 466, 472, 75 N.W.2d 478, 483 (1956); Duluth, M. & N. Ry. v. McCarthy, 183 Minn. 414, 236 N.W. 766, 768 (1931). Thus, if, as a matter of law, the concurring negligence of the party from whom contribution is sought gives the injured party no cause of action against him, the claimant cannot recover contribution, even though such concurring negligence was a proximate cause of the injury. American Auto Ins. Co. v. Molling, 239 Minn. 74, 57 N.W.2d 847, 851

---

1. The present Minnesota statute provides that an employer shall not be liable to a third party for indemnification arising out of an employee's injuries unless a written agreement to that effect exists. Minn.Stat. § 176.061, subd. 10 (1971). That statute, however, is not applicable in this case. This action arises out of an incident which occurred in June, 1966, and the statute providing for indemnification only upon written agreement went into effect September 1, 1969.

(1953). *See also* Hendrickson v. Minnesota Power & Light Co., 258 Minn. 368, 371, 104 N.W.2d 843, 847 (1960); Koenigs v. Travis, *supra*, 246 Minn. at 472, 75 N.W.2d at 483; London Guarantee & Accident Co. v. Smith, 242 Minn. 211, 64 N.W.2d 781, 783 (1954). The right of contribution does not exist in such circumstances because there is no common liability.

 The Minnesota Workmen's Compensation Act is intended to control only the rights between employer and employee and at the time this cause of action arose, did not by its terms prevent contribution or indemnity where appropriate. Hendrickson v. Minnesota Power & Light Co., *supra*; Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 359 (1954); Gleason v. Geary, 214 Minn. 499, 8 N.W.2d 808, 813 (1943). The relevant section in this respect is Minn.Stat. § 176.031 (1969) which, at the time of the accident, provided:

> The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employe, his personal representative, surviving spouse, parent, any child, dependent, next of kin, or other person entitled to recover damages on account of such injury or death. . . .

Thus, the Act affected the right to contribution where the concurrent negligence of the employer and the third party causes injury to an employee. Since workmen's compensation statutes provide that the obligations thereunder are the only liability of the employer to the employee, there is no common liability involving the employer and a third party in such situations; and, therefore, there is no ground for allowing contribution. Hendrickson v. Minnesota Power & Light Co., *supra*, 258 Minn. at 374, 104 N.W.2d at 849.

 Indemnity is the remedy securing the right of a person to recover reimbursement from another for the discharge of a liability which, as between them, should have been discharged by the other. Hanson v. Bailey, 249 Minn. 495, 505, 83 N.W.2d 252, 260 (1957); Restatement of Restitution § 76 (1937). It is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties. Hendrickson v. Minnesota Power & Light Co., *supra*, 258 Minn. at 370, 104 N.W.2d at 847. *Hendrickson* held that the Workmen's Compensation Act of Minnesota does not preclude the recovery of indemnity from an employer by a third party. However, the circumstances of the recovery of indemnity were limited to five situations:

(1) Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.

(2) Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged.

(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

(4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged.

(5) Where there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved.

*Id.* at 848.

In Haney v. International Harvester Co., 294 Minn. 375, 201 N.W.2d 140 (1972), a factual situation similar to the one which faces us now was before the Minnesota Supreme Court. The sole issue noted on appeal in that case was whether the third-party action against plaintiff's employer should have been dismissed where the plaintiff-employee, having received workmen's compensation benefits, sued the defendant for common

law negligence and defendant brought the employer in as a third party for contribution or indemnity.

The Minnesota Court recognized that under the rationale of *Hendrickson*, neither contribution nor indemnity were applicable. Contribution would not apply because there was no common liability between the employer and the manufacturer, the employer's liability to the employee having been extinguished by payment of workmen's compensation. Indemnity would not apply because the defendant's situation did not fit any of the five situations specified in *Hendrickson*. The court then reasoned that an obvious injustice *may* be done to a third party tortfeasor in cases similar to the one which they were considering. The court concluded that since there may be a due process violation when a third-party tortfeasor's right to indemnity is extinguished by the workmen's compensation laws without providing him a reasonable substitute for his right, they should reconsider granting indemnification where there is a great disparity in the degree of fault of the parties. However, the court indicated a reluctance to decide the important issues presented by the case without a factual setting. Accordingly, the court held that, because of the question posed, they preferred to have a trial, which would include a determination of percentage of negligence as between the employee, the employer and the manufacturer. The trial court was directed to pass upon all issues raised in new trial including all the issues discussed in the opinion. The order of the district court dismissing the third-party action by the manufacturer against the employer was reversed but without prejudice to a renewal of a motion for a similar order after the trial and after a final determination of the Minnesota Supreme Court. Prior to retrial, however, the case was settled.

We believe that the Minnesota Supreme Court indicated in *Haney* that they intended to change the Minnesota rule that precluded indemnity from an employer who was a joint tortfeasor, but

whose common liability was extinguished by the payment of workmen's compensation. However, while the Minnesota court may have signaled that a change in Minnesota law was imminent, nevertheless it did not indicate the substantive scope of that change. Thus, we are faced not with a question of unclear state law where there is ambivalent precedent in the state courts; rather, we are faced with a problem of nonformulated state law.

We realize that, in a diversity case, it is the duty of the federal courts, when faced with a legal question of state law, to ascertain and apply the law of the state, that is, to determine what the highest state court would declare state law to be if the case were before it. Difficulties of ascertaining what the state court may hereafter determine the state law to be, do not in themselves afford a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision. Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S. Ct. 7, 88 L.Ed. 9 (1943).

However, during the last session of the Minnesota state legislature, a law was passed which may provide an appropriate vehicle to the resolution of the problem with which we are faced. Laws 1973, chapter 25. That act was codified in Minn.Stat. § 480.061 and provides:

> The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

At the time the trial court dismissed the third-party complaint this procedure was not available to the district court since the effective date of the statute was August 1, 1973, and the trial court made its determination in March, 1973. The certification procedure thereby authorized is similar to one that exists in Florida and which the Supreme Court has approved. Clay v. Sun Insurance Office, 377 U.S. 179, 180, 84 S.Ct. 1197, 12 L.Ed.2d 229 (1964); Dresner v. Tallahassee, 375 U.S. 136, 84 S.Ct. 235, 11 L.Ed.2d 208 (1963); Aldrich v. Aldrich, 375 U.S. 75, 84 S.Ct. 184, 11 L.Ed.2d 141 (1963). This procedure has been repeatedly employed, not without some criticism, by the Fifth Circuit with respect to questions of Florida law. Allen v. Estate of Carman, 446 F.2d 1276 (5th Cir. 1971); Boyd v. Bowman, 443 F.2d 848 (5th Cir. 1971); Martinez v. Rodriquez, 394 F.2d 156 (5th Cir. 1968); Life Insurance Co. of Va. v. Shifflet, 370 F.2d 555 (5th Cir. 1967); Hopkins v. Lockheed Aircraft Corp., 358 F.2d 347 (5th Cir. 1966); Green v. American Tobacco Co., 304 F.2d 70 (5th Cir. 1962).

We recognize the dangers inherent in perfunctory reliance upon such a procedure to resolve difficult questions of state law. However, certification in this case does not present the same infirmities. *Haney* did not change the substantive law in Minnesota. It simply indicated a willingness to change that law. We are reluctant to define the perimeters of that change when the Minnesota court itself did not do so on an abbreviated record. Thus, we remand to the district court with directions to permit the third party claim. If a verdict for the plaintiff is found, the triers of fact shall also pass upon all questions relevant to the third party claim including a determination of percentage of negligence as between Guillard, Niagara and Gage. After such findings are made, but before entry of judgment, the district court is directed to certify the question of law to the Minnesota Supreme Court pursuant to Minn.Stat. § 480.061, unless those findings include a determination that Gage was not negligent or that its negligence did not contribute to the accident.

Reversed and remanded for further proceedings consistent with the views expressed in this opinion.