V. C. ZENTZ, d.b.a. ZENTZ ELECTRIC COMPANY, v. ITT BLACKBURN CORPORATION AND ANOTHER.

214 N. W. 2d 466.

January 25, 1974—No. 44248.

*Robb, Van Eps & Gilmore* and *Don James Chantry,* for appellant.

*Castor, Ditzler & Klukas* and *John E. Castor,* for plaintiff-respondent.

*Stearns & Goetteman* and *Harry S. Stearns,* for defendant-respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Scott, JJ., and considered en banc.

SCOTT, JUSTICE.

Appeal from an order vacating and setting aside a previous order granting defendant Hogenson Construction Company's motion for summary judgment and the summary judgment based thereon. We affirm.

Lloyd Domier, an employee of appellant Hogenson Construction Company (Hogenson), was injured in the course and scope of his employment on January 20, 1966. Hogenson was performing a construction contract for the Keister Cooperative Elevator Company (Keister) of Keister, Minnesota. Domier made the requisite claims for and received workmen's compensation benefits from his employer, Hogenson. Domier then commenced an action in the United States District Court for personal injuries arising out of the same accident against V. C. Zentz, d.b.a. Zentz Electric Company, the plaintiff in the present action, and Keister. Domier alleged defective or improper installation of power service wires installed by the subcontractor, Zentz, in the building owned by Keister. Defendant Zentz joined ITT Blackburn Corporation and Hogenson as third-party defendants, alleging that if Domier were to recover from Zentz, Zentz was entitled to either indemnity or contribution from these third-party defendants. The parties subsequently settled when Zentz made a payment of $25,000 to Domier.

The action with which we are concerned was instituted by Zentz against ITT Blackburn and Hogenson for indemnity or contribution for all or part of the $25,000 settlement paid to Domier. Zentz claimed that ITT Blackburn was negligent in the design and manufacture of the device used to connect and sup-

port an overhead cable in the building owned by Keister. It was the failure of this cable that had allegedly caused the injuries to Domier and precipitated Zentz' claim under the theory of strict liability. The claim against Hogenson was for negligently and unlawfully failing to provide a safe place of employment and the necessary safety devices.

Defendant Hogenson served upon Zentz a request for admissions that the following statements were true: That Hogenson was insured under the Workmen's Compensation Act; that Domier was injured in the scope and course of his employment; and that Domier's claim for compensation was accepted and the benefits were paid under the Workmen's Compensation Act. Upon a positive return of the request for admissions by Zentz, defendant Hogenson moved for summary judgment based upon Minn. St. 176.061, subd. 10.[1] The motion was granted by order dated September 29, 1970, and filed on September 30, 1970. As expressly directed, judgment was entered on October 1, 1970. Subsequently, this court decided that this statute was effective only as to claims for indemnity arising from injuries occurring on or after September 1, 1969.[2] The statute was not, therefore, applicable to the accident involved in this case. On December 28, 1972, Zentz moved for an order vacating the order for summary judgment and the judgment. The court issued an order granting that motion on January 24, 1973, and Hogenson appealed.

Hogenson contends that the matter is easily settled under Rule 104, Rules of Civil Appellate Procedure, which controls the time

---

[1] Minn. St. 176.061, subd. 10. "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person, results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgments or settlements in absence of a written agreement to do so executed prior to the injury."

[2] Cooper v. Watson, 290 Minn. 362, 187 N. W. 2d 689 (1971); Haney v. International Harvester Co. 294 Minn. 375, 201 N. W. 2d 140 (1972).

for taking an appeal and the effect of entry of judgment. The rule provides in part:

"104.01   Judgments and Orders

"An appeal from a judgment may be taken within 90 days after the entry thereof, and from an order within 30 days after service of written notice of filing thereof by the adverse party.

"104.02   Effect of Entry of Judgment

"No order made prior to the entry of judgment shall be appealable after the expiration of time to appeal from the judgment. Time to appeal from the judgment under this section shall not be extended by the subsequent insertion therein of the costs and disbursements of the prevailing party."

As the judgment was entered on October 1, 1970, Hogenson contends that the 90-day time limitation has expired and the judgment has become final.

We cannot accept that contention, for the controlling principles are set forth in Rule 54.02, Rules of Civil Procedure, which provides:

"54.02   Judgment upon Multiple Claims

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Under this rule, there are two criteria which must be satisfied before the court may direct the entry of a final judgment as to

any claims or parties less than all of the multiple claims or multiple parties in an action. The lower court did expressly direct that judgment be entered, but failed to expressly determine that there was no just reason for delay in entering that judgment.[3] As all of the rights and claims of all of the parties have yet to be adjudicated, the order and judgment remain subject to revision.

The lower court therefore properly vacated the previous order and summary judgment upon this basis, pursuant to Rule 60.02, Rules of Civil Procedure. We affirm.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3] Under the Federal counterpart to our Rule 54.02, Rule 54(b), Federal Rules of Civil Procedure, provides that a judgment or order rendered in an action involving multiple claims or parties is not final and is subject to change until judgment is entered adjudicating all claims, rights, and liabilities of all the parties unless the trial court expressly determines that there is no reason for delay and expressly directs the entry of final judgment adjudicating less than all the claims as to less than all the parties. In the Federal courts, express determination that there is no just reason for delay is held sufficient if it is in that precise language of the rule itself. Pabellon v. Grace Line, 191 F. 2d 169 (2 Cir.), certiorari denied, 342 U. S. 893, 72 S. Ct. 201, 96 L. ed. 669 (1951). It has further been held that regardless of how final a judgment may appear, it is not considered appealable by the Federal courts unless it was entered pursuant to both such express determination and express direction. Atkins, Kroll (Guam), Ltd. v. Cabrera, 277 F. 2d 922 (9 Cir. 1960).