Patrick WILLETTE, et al.,
Respondents,

v.

THE MAYO FOUNDATION, Appellant.

No. C1–89–2299.

Court of Appeals of Minnesota.

July 3, 1990.

Review Denied Sept. 14, 1990.

Mark Hallberg, MacKenzie & Hallberg, Minneapolis, for respondents.

Paul B. Klaas, David J. Lauth, Dorsey & Whitney, Minneapolis, Ann E. Decker, Le-

gal Dept. Mayo Clinic, Rochester, for appellant.

Considered and decided by KALITOWSKI, P.J., and SCHUMACHER and GARDEBRING, JJ.

## OPINION

KALITOWSKI, Judge.

The trial court denied appellant's motion to dismiss, concluding that the termination of treatment rule was unconstitutional and respondents' medical malpractice action was not barred by the statute of limitations. Appellant's petition for discretionary review was granted pursuant to Minn. R.Civ.App.P. 105.01. We reverse.

## FACTS

Respondents Patrick and Karen Willette brought this action in the trial court in August 1989, alleging that doctors of appellant The Mayo Foundation (Mayo) committed medical malpractice. In December of 1987 Patrick was diagnosed as having colon cancer. Patrick alleges appellant was negligent in failing to diagnose the cancer and treat his colon in a medical evaluation conducted by Mayo in February, 1983.

Mayo brought a motion to dismiss, asserting that under the "termination of treatment rule" the two-year statute of limitations for medical malpractice claims began to run in 1983 and had expired. *See* Minn.Stat. § 541.07(1) (Supp.1989). Respondents argued the termination of treatment rule is unconstitutional and asked the court to adopt a "discovery rule" under which the two-year statute of limitations would begin to run when Patrick discovered he had cancer in 1987. The trial court denied Mayo's motion to dismiss, concluding that application of the judicially created termination of treatment rule would be a complete bar to respondents' common-law claim in violation of Article I, § 8 of the Minnesota Constitution. This court granted Mayo's petition for discretionary review pursuant to Minn.R.Civ.App.P. 105.01.

## ISSUE

Does the termination of treatment rule violate the remedies clause of the Minnesota Constitution or the due process and equal protection clauses of the federal and state constitutions?

## ANALYSIS

Actions can only be commenced within the limitation periods prescribed in Minn.Laws ch. 541, "after the cause of action accrues * * *." Minn.Stat. § 541.01 (1988). Medical malpractice actions must be commenced within two years of accrual of the claim. Minn.Stat. § 541.07(1) (Supp. 1989). A medical malpractice claim in Minnesota accrues upon the termination of medical treatment by the defendant. *Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.*, 291 Minn. 145, 190 N.W.2d 77 (1971); *Schmitt v. Esser*, 178 Minn. 82, 226 N.W. 196 (1929).

The plaintiffs in *Johnson*, like the respondents here, claimed the two-year statute of limitations did not begin to run until the injury was first discovered. The Minnesota Supreme Court expressly rejected arguments for adoption of the discovery rule and held:

> The medical malpractice statute of limitations begins to run when the physician's medical treatment for the particular condition ceases.

291 Minn. at 149, 190 N.W.2d at 80. The termination of treatment rule established in *Schmitt* and followed in *Johnson* remains the law in Minnesota. *See St. Aubin v. Burke*, 434 N.W.2d 282 (Minn.App.1989) (claim based on failure to diagnose cancer held barred as it was commenced more than two years after defendant doctor ceased treating plaintiff), *pet. for rev. denied* (Minn. Mar. 29, 1989); *Francis v. Hansing*, 449 N.W.2d 479 (Minn.App.1989) (two-year statute of limitations began to run at termination of treatment and not when plaintiff discovered IUD left in her body by allegedly negligent doctor), *pet. for rev. denied* (Minn. Feb. 21, 1990).

Respondents challenged the constitutionality of the termination of treatment rule on due process grounds under the Fifth

and Fourteenth Amendments to the United States Constitution, and under the remedies clause, Article I, Section 8 of the Minnesota Constitution. Respondents claimed the rule violates the remedies clause where it is applied to bar a common-law negligence claim when the nature of the alleged negligence is such that the plaintiff is not aware of his cause of action because his injury does not manifest itself for more than two years after the termination of treatment.

The trial court concluded that the two-year limitations period for medical malpractice actions is not in itself so short as to amount to an unconstitutional denial of justice. However, it found that use of the termination of treatment rule to determine the accrual date of respondents' cause of action under Minn.Stat. § 541.07(1) prohibits respondents from pursuing their common-law right of action in violation of the remedies clause of the Minnesota Constitution.

■■■ The trial court made legal conclusions to which we need not show deference and which can be reviewed *de novo. Frost–Benco Electric Association v. Minnesota Public Utilities Commission,* 358 N.W.2d 639, 642 (Minn.1984). A law is not to be declared unconstitutional by a Minnesota court unless palpably so, and only when absolutely necessary. *Carlson v. Smogard,* 298 Minn. 362, 366, 215 N.W.2d 615, 618 (1974); *Minneapolis Gas Co. v. Zimmerman,* 253 Minn. 164, 173, 91 N.W.2d 642, 650 (1958). A statute is presumed constitutional unless it is proven otherwise beyond a reasonable doubt. *Hickman v. Group Health Plan, Inc.,* 396 N.W.2d 10, 13 (Minn.1986).

The trial court recognized that:

The legislature [may] constitutionally abrogate a common-law right without providing a reasonable substitute if it is pursuing a permissible, legitimate legislative objective.

*Snyder v. City of Minneapolis,* 441 N.W.2d 781, 789 (Minn.1989) (citations omitted). However, the trial court went on to find that the termination of treatment rule "is a judicial construction and, there-

fore, cannot act as a complete bar to plaintiff's common-law right of action."

■■ Appellant correctly asserts that regardless of the origin of the rule, the legislature has presumptively adopted it. Minn. Stat. § 645.17(4) (1988) provides:

When a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language.

Minn.Stat. § 541.07 has been amended several times since the termination of treatment rule was set forth in *Schmitt* in 1929. In addition, the legislature has rejected bills proposing that a discovery rule be applicable to section 541.07(1) claims. (*See, e.g.,* S.F. No. 1163 (1979) proposing an amendment to section 541.07 providing that the two-year limitations period would begin when the injured party discovers the injury.) We therefore conclude the legislature has presumptively adopted the termination of treatment rule for determining the time when a medical malpractice claim accrues and the two-year limitation period begins to run.

■■ We further conclude that the termination of treatment rule and Minn.Stat. § 541.07(1) pursue a permissible, legitimate legislative objective:

The state's choice of the termination of treatment as the event which triggers the running of the statute is consistent with its strong and legitimate interest in preventing litigation of stale claims.

*Jewson v. Mayo Clinic,* 691 F.2d 405, 411–12 (8th Cir.1982) (Minn.Stat. § 541.07(1) and termination of treatment rule withstood scrutiny under equal protection and due process clauses of United States Constitution).

Although *Jewson* did not consider a challenge to the rule under Article I, Section 8 of the Minnesota Constitution, its holding under the federal constitution is controlling here. Whether challenged under the remedies clause of the Minnesota Constitution or under the due process clause of the Fifth and Fourteenth Amendments to the

United States Constitution, the test for evaluating a law is similar. *See Haney v. International Harvester Co.*, 294 Minn. 375, 385, 201 N.W.2d 140, 145–46 (1972) (common-law right of action may be abrogated without provision of substitute if permissible legislative objective is pursued); Mickelson, *The Use and Interpretation of Article I, Section 8 of the Minnesota Constitution 1861–1984*, 10 Wm. Mitchell L.Rev. 667, 681 (1984). Furthermore, in *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 454 (Minn.1988), the supreme court upheld a statutory limitation period against a state remedies clause challenge, holding that the legitimate legislative objective of avoiding litigation of stale claims was served by Minn.Stat. § 541.051, subd. 1.

We find these cases controlling of both due process and remedies clause challenges to application of the termination of treatment rule in conjunction with Minn.Stat. § 541.07(1) in medical malpractice cases. Any alteration of the termination of treatment rule must be left to the supreme court or the legislature. Accordingly, we must reverse the trial court.

Respondents also claim on appeal that the termination of treatment rule violates the equal protection clauses of the United States and Minnesota constitutions. The *Jewson* decision rejected a similar claim, and we find it controlling here. *Jewson v. Mayo Clinic*, 691 F.2d at 411.

## DECISION

Respondents' claim is time barred as it was brought more than two years after the accrual of their cause of action. Minn.Stat. §§ 541.01, 541.07(1). Because the legislature has presumptively adopted the termination of treatment rule and the rule pursues the legitimate legislative objective of preventing litigation of stale claims, the trial court erred in finding the rule violates the remedies clause of the Minnesota Constitution. Furthermore, controlling authority requires rejection of respondents' arguments that the termination of treatment rule violates the due process and equal

protection clauses of the federal and state constitutions.

Reversed.