## *John McKusick,

### vs

## The County Commissioners of    ashington County.

Defendants had erected and used county buildings on lands in Still-water, under a deed by which the plaintiff had undertaken to convey the land to them, but which was void for uncertainty in the description. The *habendum* therein was to hold the premises intended to be granted so long as they should be occupied as the seat of justice; and it was provided that if the county seat should be removed from Stillwater, the premises should revert to plaintiff. Said deed was also upon condition precedent that defendants should reimburse plaintiff and others the sums theretofore paid by them towards the erection of said buildings. Plaintiff thereafter, by deed sufficiently describing the premises, quit-claimed the same to defendants, together with all reversion or remainder of plaintiff therein. *Held*, that the second deed is not to be taken as merely confirmatory of the first. The receipt of a valuable consideration being admitted in the second deed, no resulting trust could arise in favor of the grantor, nor, in the absence of fraud or mistake, would evidence be admitted to contradict said receipt. *Held* also, that supposing the first deed not to have been void, the second deed, being nevertheless expressed to be upon a valuable consideration, and purporting to release plaintiff's reversionary right, the presumption would be, that it was intended to have that effect and vest a fee simple absolute in defendants, and parol evidence that such was not plaintiff's intention would be inadmissible.

· The plaintiff brought this suit in the district court for Washington county. The allegations of the complaint are substantially as follows: that at the time of the execution of a certain deed which · is set out herein, the plaintiff was

---

*Mr. Justice Berry being unavoidably absent, took no part in the hearing or decision of the case.

seized in fee simple of the lands therein described, which are now known as lot one (1) of block thirty-two (32) in the town of Stillwater, Minnesota; that on the 20th day of December, 1847, the plaintiff executed to the defendants a deed in the following words:

"This indenture made this 20th day of December, 1847, between John McKusick of the village of Stillwater, in the county of St. Croix, and territory of Wisconsin, party of the first part, and the board of county commissioners of the said county of the second part, witnesseth: That the said party of the first part for and in consideration of one dollar to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, hath released and quitclaimed, and by these presents doth release and quit-claim unto the said party of the second part, all that certain piece of land lying in the said village of Stillwater, and described as follows, to wit: beginning at a stake in the side of the hill in a westerly direction from the north end of the house occupied by William Holcombe, and running south sixteen degrees and thirty minutes (16°30') east, eight rods; thence south seventy-three degrees and thirty minutes (73°30') west, twenty (20) rods to where there is a white oak tree bearing north fifty-one degrees and forty-five minutes (51°45') east, six rods and seven links; also a black oak bearing north seventy-nine degrees and forty-five minutes (79°45') east, five rods and twenty links, together with the appurtenances thereunto belonging. To have and to hold the same so long as the same may be occupied by the said party of the second part as the seat of justice for the said county, or so long as the court house for said county should remain and be occupied as such upon said premises and no longer. Provided that if the county seat of the said county shall be removed from the village of

Stillwater aforesaid, the said parties of the second part shall have the sole right, title and interest in and to the said premises forever. Provided also the said parties of the second part shall pay the sum of twelve hundred dollars to the persons whose names are hereunto annexed, with the sums which they give, who have already paid the amount for the erection of a court house upon the premises above described."

Attached to which deed is a subscription paper containing subscriptions for the building of a court house amounting to $1,200, the plaintiff subscribing $400; that the words "parties of the second part" occurring in the first proviso were intended to be, and should be, "party of the first part;" that "the defendant erected a court house on said premises for the purpose of holding courts, and transacting other public business of said county," and used the same for such purposes, and as the seat of justice of said county; that afterwards "the said defendant requested of said plaintiff a deed of said premises as platted on the town plat aforesaid and described thereon as lot one (1), in said block thirty-two (32) in the said town of Stillwater, and then and there represented to said plaintiff, that the said defendant would permanently maintain a court house on said lot, and use the said lot as the seat of justice and for the public purposes aforesaid, and for no other purpose or in no other manner, and that the said plaintiff relying upon the said representations of the said defendant, executed to the said defendant the said conveyance," which conveyance, in consideration of the sum of one dollar as therein expressed, remised, released, and quitclaimed unto the defendants, their successors and assigns forever, the said lot one, "together with all and singular the hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the

reversion and reversions, remainder and remainders, rents, issues and profits thereof   *   *   *   property, claim, and demand whatsoever as well in law as in equity of the plaintiff, of, in, or to the said premises." This last deed contained no conditions whatever   Both conveyances were duly recorded.

The complaint further alleges, that no consideration was received for this last conveyance, but that it was given and received "for the public use as aforesaid, and upon the representations aforesaid;" that Stillwater was and still is the county seat of said county; that the plaintiff is the owner of other real estate in the vicinity of said lot, that the mainte- nance and use of said court house for said public purposes enhanced the value of the plaintiff's said real estate; that the defendants have abandoned the said premises as the seat of justice of said county, and ceased to use the same for the public purposes aforesaid, and threaten, and intend to sell the same.

The relief demanded is, that the title to said lot may be declared to be in the plaintiff, and that the defendants be enjoined from selling or encumbering the same.

The defendants interposed a general demurrer to the complaint, which was sustained by the court below. The plaintiff appeals to this court.

CORNMAN & LUCKY and H. J HORN for Appellant

ISAAC VAN VLECK for Respondents.

*By the Court*—RIPLEY, CH. J.—The description in the deed first set up in the complaint is so uncertain, that it cannot be known therefrom what was intended to be conveyed. The deed is therefore void, and the allegations which precede the statements respecting the second deed, amount to no more

than, that on the 20th of December, 1847, plaintiff owned land in Stillwater now known as lot one, block thirty-two, on the town plat, and other lands in the vicinity of such lot, and that at some time thereafter and prior to said second deed, defendants had erected a court house on said lot for the purpose of holding courts, and transacting other public business of said county, and had used and maintained said court house for such purposes, and as the seat of justice of said county.

It is not alleged that plaintiff had dedicated the land to the public for such use, by any act *in pais*, and as assent to the use is not even alleged, nor any length of time for which it had been so used, the elements from which a presumption of such dedication could arise, are therefore wanting.

There having been no dedication, it follows that there is no foundation for plaintiff's claim that the second deed was merely confirmatory of such dedication. It is said, however, that if it be not taken to have been merely a confirmatory deed, as it is alleged to have been without consideration, a trust would in that case result in plaintiff's favor.

But it purports to be upon a valuable consideration, and the receipt of a consideration admitted in a deed, cannot be contradicted for the purpose of raising a resulting trust for the grantor. *Washb. R. Prop. Book* 2, *ch.* 3, *sec.* 17; *Graves vs. Graves,* 9 *Foster N. H.* 129; *Philbrook vs. Delano,* 29 *Maine,* 410. Nor is it competent, except to prove fraud or mistake, to show that no consideration was paid, where one is acknowledged in the deed, for the purpose of destroying its effect and operation. *McRea vs. Purmort,* 16 *Wend.* 460; *Grant vs. Townsend,* 2 *Hill* 554; *Belden vs. Seymour,* 8 *Conn.* 304. No mistake is alleged in either deed, except in one particular, not material; nor

any fraud, for the representations stated, are not alleged to have been made with any intent to deceive, or for the purpose of inducing plaintiff to execute the conveyance. For aught that appears, they were made gratuitously, in entire good faith, and in the honest belief that the defendants would permanently continue to so use the land. *Browne Stat. Frauds, secs.* 94, 95, 96; 18 *Wendell*, 608; *Evans vs. Folsom,* 5 *Minnesota*, 433. The only material facts, therefore, that the complaint can be taken to allege respecting this deed are, that the lot was conveyed to defendants by plaintiff for a valuable consideration by them paid therefor, purporting to pass, and effectual to pass the title to them in fee. *Rev. Stat. ch.* 46, *sec.* 3, (*Minn. Ter.*)

In the view we have thus far taken, it follows that there is no ground for the position, that the facts set out in the complaint make out a case of *constructive* fraud against the defendants, in an attempt to convert, or non-appropriate the property. If the land is theirs in fee, their power to sell it is unrestricted. *Gen. Stat. ch.* 8, *title* 2, *sec.* 75, § 3. It is not alleged that they obtained the title by fraud, and we have seen that fraud cannot be inferred from the fact that the representations stated were made as alleged, nor can it be, from the fact, that the continued use of the land for county purposes would be advantageous to plaintiff in respect of his other property in the neighborhood. It is not alleged that plaintiff bought such other property on the faith of any such representations, and if he had, the injury is not in the sale which he seeks to enjoin, but in the abandonment, which has already taken place, and which he does not seek to have rescinded, but to avail himself of, to obtain the property from which such removal has taken place.

But the plaintiff says, that the county could have had no apparent public use for the land, except that to which it

was appropriated at the time of the execution of the second deed, which he says was sufficiently assured to it under the first deed.   If it were, it must have been because said deed sufficiently describes the land ; that we are mistaken in this respect, and that it can be ascertained therefrom that the land now known as lot one, block thirty-two, was meant to be conveyed thereby.

If this be admitted, it will not change the result.   There is in that case no dedication, but a grant to the county of a determinable fee, upon valuable consideration, requiring, as a condition precedent to its vesting, the reimbursement to plaintiff and others, of such sums of money as had been given by them towards the building of a court house, not exceeding twelve hundred dollars, and being also upon condition subsequent, to revert to plaintiff in case of the removal of the county seat from Stillwater.   The second deed, from the owner of such reversionary rights, being expressed to be upon a valuable consideration, and purporting to pass all such rights, the presumption certainly is, that it was intended to have that effect, and to vest in the defendants a fee simple absolute.   Parol evidence is here equally inadmissible, as in the other view of the case, to prove that it was not plaintiff's intention to do what his deed purports to do, but merely to confirm to defendants that determinable fee, upon condition subsequent, of which they were already seized.

And we cannot concur in the suggestion, that as defendants could have had no other apparent public use for the land, than that they already had, they had no occasion for the second deed, except as a confirmatory one.

The county commissioners, though honestly intending permanently to use the land for the county offices, might nevertheless well desire to have the fee simple.   Should the

county seat be removed from Stillwater, an event beyond their control, the county, under the first deed, would not only lose the land for which they had relinquished the benefit of the subscription above referred to, but the building which they had erected thereon. Certainly the public were sufficiently interested in an arrangement which would obviate such result, and a deed for such a purpose, would most emphatically be for public use.

The order appealed from is affirmed.