## ROYAL REALTY COMPANY v. ABE I. LEVIN AND ANOTHER, INDIVIDUALLY AND AS COPARTNERS *d.b.a.* LEVIN & LEVIN, AND OTHERS.[1]

August 13, 1954.

No. 36,416.

*Harold Shear,* for appellant.

*Linus J. Hammond* and *Cummins, Cummins, Hammond & Ames,* for respondents.

DELL, CHIEF JUSTICE.

This is a motion to dismiss the appeal taken from an order of the district court dismissing appellant's action.

Appellant commenced an action against respondents for damages based on fraud. Without serving an answer, respondents moved the trial court for a dismissal of the action or, in the alternative, for summary judgment, on the ground that the complaint failed to state a claim upon which relief could be granted against either or all of

[1]Reported in 66 N. W. (2d) 5.

the defendants and that there was no genuine issue as to any material fact in the case. The court granted the motion to dismiss the action. Appellant thereafter served notice of appeal to this court from the order, and respondents now move for a dismissal of the appeal on the ground that an order dismissing an action is not a final order from which an appeal may be taken.

The jurisdiction of this court to hear appeals is limited to those instances set forth in M. S. A. 605.09. Subsection (3) of said statute provides that an appeal may be taken "From an order involving the merits of the action or some part thereof." It has been the well-settled rule in this state that an order dismissing an action is non-appealable.[2] The reason for this rule is that orders which look toward the ultimate entry of judgment do not themselves involve the merits but merely direct that an act be done which involves the merits.[3] Therefore, we have held that a dismissal is but an order upon which judgment could be entered and that the appeal should be taken from the judgment.[4] Appellant contends, however, that the prior holdings of this court on this issue are no longer applicable under our new rules of civil procedure.

The order of dismissal for failure of the complaint to state a claim upon which relief may be granted is authorized by Rule 12.02(5) of Rules of Civil Procedure, and the lower court, by its action, must of necessity have ordered the dismissal pursuant to that provision. Rule 41.02, which provides for involuntary dismissal during the trial, contains the following provision:

"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule and *any dismissal not provided for in this rule or in Rule 41.01,* other than a dismissal for lack of jurisdiction, operates *as an adjudication upon the merits.*" (Italics supplied.)

[2]Lamb v. McCanna, 14 Minn. 385 (513); Jones v. Rahilly, 16 Minn. 155 (177); Searles v. Thompson, 18 Minn. 285 (316); Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Gottstein v. St. Jean, 79 Minn. 232, 82 N. W. 311; Long v. Mutual Trust L. Ins. Co. 191 Minn. 163, 253 N. W. 762.

[3]See, 37 Minn. L. Rev. 309, 331.

[4]Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845.

Since the dismissal authorized under Rule 12.02 does not come within the terms of Rule 41.01, which provides for voluntary dismissals, the foregoing quoted provision of Rule 41.02 would seem to be applicable. Under this provision, a dismissal for failure of the complaint to state a claim for relief operates as an "adjudication upon the merits." It therefore follows that an order of dismissal under Rule 12.02 is an order "involving the merits of the action" within the meaning of § 605.09(3) and is an appealable order.

We have held that an order is not appealable under § 605.09(3) unless it finally determines the action or determines some positive legal right of the appellant.[5] The interpretation which the federal courts have placed on Rule 12 of the Federal Rules of Civil Procedure, however, sheds some light on this question of finality.[6] In L. B. Wilson, Inc. v. Federal Communications Comm. 83 App. D. C. 176, 188, 170 F. (2d) 793, 805, it is stated:

"* * * A demurrer at the common law (or a motion to dismiss, the substitute in present Federal court practice for the demurrer) is not a mere procedural nicety. On the contrary it is a precise instrument for *final determination on the merits* of the justiciability under pertinent rules of law of an asserted cause of action or defense." (Italics supplied.)

When Rule 12.02 is read in conjunction with the portion of Rule 41.02 heretofore quoted, it is apparent that the finality requirement is satisfied by an order dismissing an action for failure of the complaint to state a claim upon which relief could be granted.

Under our former practice the defense set forth in Rule 12.05(5), which now may be raised by motion, could only be raised by demurrer. Section 605.09(4) expressly provided that an order sustaining a demurrer was an appealable order. Under our former practice, had respondents demurred to the complaint in this case the appellant could have appealed from the order sustaining the

---

[5]Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157.

[6]Rule 12.02 is substantially identical with Rule 12(b) of the Federal Rules of Civil Procedure, except for certain provisions unimportant to the disposition of this issue.

demurrer without the necessity of reducing the order to judgment. But Rule 7.01 of the new rules abolished the demurrer, and the defense that the complaint failed to state a claim for relief, which formerly could be raised by demurrer, must now be raised by motion or responsive pleading under Rule 12.02. The statute which *expressly* authorized an appeal from an order sustaining a demurrer cannot be used to determine the question of the appealability of the order resulting from the judicial procedure substituted for the demurrer under the new rules. The fact, however, that an order sustaining a demurrer, which raised the same defense involved here, would have been appealable under our former practice does indicate that the conclusion which we have reached—that the order entered pursuant to respondents' motion made under Rule 12.02 is appealable—is not a reversal of the previous policy of this court in interpreting the appeals statute. We are not broadening the grounds for appeal but rather permitting an appeal from an order which serves the same judicial function under the new rules as the order sustaining the demurrer did under our former practice.

The motion to dismiss the appeal is denied.