BERYL LOCKE v. KENNETH HENRY AND ANOTHER, d.b.a. HENRY CLINIC, AND OTHERS.

141 N. W. (2d) 736.

April 7, 1966—No. 39,874.

*Eustis, Price, Dunlap & Huisman* and *Warren P. Eustis,* for appellant.
*Scallen, Evidon & Harder* and *John M. Smith,* for respondents Henry.
*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne, Roderick D. Blanchard,* and *O. C. Adamson II,* for other respondents.

NELSON, JUSTICE.

This is an appeal from the order of the district court dated March 8, 1965, dismissing plaintiff's cause of action with prejudice.

It appears from the files and record herein that on March 2, 1964, plaintiff's husband, Laurence Locke, entered the Owatonna City Hospital for treatment of a physical illness. About 4:30 a. m., March 6, while a patient at the hospital, Mr. Locke either jumped or fell out of a window and as a result sustained injuries. At 1:15 p. m. that day he was taken by ambulance to a hospital at Rochester, Minnesota. Prior to his being taken there plaintiff was advised to obtain additional medical care. Mr. Locke died at the Rochester hospital March 15, 1964, the cause of death being listed as a massive pulmonary embolus. Plaintiff alleges that defendants, Kenneth Henry and John Henry, doing business as Henry Clinic, Owatonna City Hospital, and Mary Lou Kummeth and Edward Evans, the latter being employees of said hospital, intentionally withheld from her the nature and extent of her husband's injuries and that as a consequence of defendants' withholding such information she suffered severe emotional shock and distress.

Defendants moved for dismissal of the action. After a hearing the trial court granted their motions February 15, 1965. On March 8, 1965, upon ex parte application of plaintiff it entered an amended order of dismissal with prejudice. In a memorandum made a part of the order, the court stated that one of the essential elements in an action of the type commenced by plaintiff was missing — namely, that the complaint failed

to contain an allegation of conduct of the defendants which constituted a direct invasion of plaintiff's rights.

The question before this court on appeal is whether an order dismissing a cause of action with prejudice is an appealable order. Plaintiff in her notice of appeal states that she is appealing from the order of the court dated March 8, 1965, "granting defendants' motion for judgment on the pleadings and from the whole thereof." An order for judgment on the pleadings is not appealable. Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896.

The order of March 8, however, was an amended order dismissing the action. In the trial court's order of February 15, 1965, the court said:

"It is Hereby Ordered that the above-entitled action be and the same hereby is dismissed."

The amended order refers to the order entered February 15 and to the motion of the defendants to dismiss, or, in the alternative, for summary judgment on the ground the complaint does not state a cause of action and thereafter orders that —

"* * * the above-entitled action be and the same hereby is dismissed with prejudice."

Defendants contend that this order of dismissal is not an appealable order because Minn. St. 1961, § 605.09(3), which provided for an appeal from an order "involving the merits of the action or some part thereof," was repealed by L. 1963, c. 806, § 8, and although it was reenacted as Minn. St. 605.09(d) by L. 1965, c. 607, in May 1965, it was not in effect when plaintiff filed her notice of appeal.

If Minn. St. 1961, § 605.09(3), had not been so repealed, the order of dismissal would have been appealable. This court held in Royal Realty Co. v. Levin, 243 Minn. 30, 66 N. W. (2d) 5, that an order dismissing an action for failure to state a claim, made pursuant to a motion under Rule 12.02, Rules of Civil Procedure, was appealable under § 605.09(3) as an order "involving the merits of the action." The court in that case reasoned that such an order was similar to an order sustaining a demurrer, an order which was appealable under the former § 605.09(4).

However, since the legislature repealed §§ 605.09(3) and 605.09(4),

the basis of appealability recognized in the Royal Realty Co. case did not exist at the time of this appeal. Plaintiff's notice of appeal was served March 23, 1965. It thus becomes clear that since the legislature did not give retroactive effect to Minn. St. 605.09(d), enacted 2 months later, plaintiff's appeal will not lie. The only proper appeal was from the judgment pursuant to § 605.09(a).

The plaintiff not having appealed from the judgment entered April 28, 1965, and § 605.09(d) having no retroactive effect, the court's dismissal of the action cannot be disturbed.

Appeal dismissed.