BUCHMAN PLUMBING COMPANY, INC. v. THE REGENTS OF UNIVERSITY OF MINNESOTA AND ANOTHER.

196 N. W. 2d 629.

April 7, 1972—No. 43412.

*Sheldon J. Eviden* and *Stephen M. Goldfarb,* for appellant.

*B. C. Hart, Jonathan H. Morgan,* and *Gerald L. Svoboda,* for respondent.

PER CURIAM.

This case is before the court on a motion to dismiss an appeal from an order dismissing plaintiff's complaint with prejudice as to one of codefendants, that dismissal having been granted on the grounds that plaintiff's complaint failed to establish a claim upon which relief may be granted. For reasons herewith stated, the moton to dismiss the appeal is hereby granted.

The case involves multiple parties and multiple claims and must be considered in light of Rule 54.02, Rules of Civil Procedure. This rule provides as follows:

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The trial court refrained from determining that there was "no just reason for delay," and did not directly order "entry of judgment" as a part of the order for dismissal. The trial court ruled that the remaining claims should be set down for immediate trial. The order of dismissal did not terminate the action and is subject to revision under Rule 54.02.

The purpose and intent of Rule 54.02 is stated in 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 525, as follows:

"* * * The purpose of Rule 54.02 is to prevent piecemeal appeals and to protect the rights of all the parties until all of the claims have been adjudicated in the trial court. Since Rule 54.02 contemplates that a final judgment normally will not be entered which adjudicates fewer than all of the claims or rights or liabilities of fewer than all the parties, the ability of a party to secure a review of an adverse determination will not be jeopardized because determinations favorable to other parties will not have become final and not subject to review in the interim."

We therefore hold that in a multiparty action an order dismissing one of the parties for failure to state a claim upon which relief may be granted is not an appealable order and that an appeal from such an order must be dismissed unless the trial court expressly determines that there is no reason for delay and directs the entry of judgment thereon. The order dismissing the cause of action is subject to revision in the trial of the remaining issues and is subject to review by this court in the event of an appeal after an adjudication of the remaining issues.

Appeal dismissed.