# GORDON L. OLSON v. ROY BURT AND ANOTHER. CONCERNED NEIGHBORS, ALSO KNOWN AS CONCERNED CITIZENS, AND OTHERS, THIRD-PARTY DEFENDANTS.

239 N. W. 2d 212.

January 30, 1976—No. 45650.

*Daniel A. Utter,* for appellants.

*Knittle, Hedin, Messinger & Leick, William F. Messinger,* and *Theodore K. Abe,* for respondents.

Heard before Rogosheske, Yetka, and Amdahl, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Appeal from an order of the Hennepin County District Court dismissing appellants' third-party complaint. The matter came before that court on the motion of the respondents for judgment

on the pleadings, or, alternatively, summary judgment.[1] The court's order dismissing appellants' third-party complaint for "failure to state a cause of action upon which relief can be granted" was entered and filed with the clerk of court June 20, 1974. Respondents served a copy of the court's order, bearing its date of filing,[2] on appellants December 20, 1974, and this appeal was taken January 10, 1975. We affirm.

Appellants leased a building from the plaintiff for a term of 5 years, commencing July 1, 1971, to be used for the storage and maintenance of their fleet of garbage trucks. In February 1972, approximately 8 months after the commencement of the term of the lease, appellants vacated the premises and terminated their payment of rent. In the main action against appellants, the plaintiff sought recovery of rentals to July 1, 1973, at which time plaintiff was apparently able to relet the premises. That action was tried to a jury commencing June 12, 1975, and based on its verdict, judgment was entered July 17, 1975, for the plaintiff in the amount of $8,369.75.[3]

Appellants, in their third-party complaint, allege that the actions of the respondents forced them to abandon the lease, and that the respondents are therefore liable, in whole or in part, to appellants for any amount for which appellants might be held liable to plaintiff. Respondents include an unincorporated association of residents in the neighborhood of the leased premises (Concerned Neighbors, also known as Concerned Citizens), its president, Duane Barnhart, and two of its members, Linda

---

[1] Appellants filed a cross-motion for production of documents pursuant to Rules of Civil Procedure, Rule 34, which was denied but not appealed.

[2] The copy of the order mailed appellants, somewhat confusingly, bears two dates of filing—the afternoon of June 20, 1974, and the morning of June 21, 1974. In any event, the fact of filing with the clerk of court of Hennepin County District Court is clear from the copy of the order.

[3] That judgment has been satisfied.

Ketokoski and Ernest Kliewer. Appellants claim in the third-party complaint:

"X.

"Duane Barnhart specifically organized neighborhood opposition to defendants use of the premises and members of said unincorporated association made threats of violence to and against defendants. The members of said unincorporated association repeatedly and continuously trespassed upon the premises and harassed defendants. Linda Ketokoski specifically told defendants that if they did not leave the premises that she would see to it that the premises were bombed with explosives. Ernest Kliewer threatened to attack and physically harm defendants and their agents if they did not leave the premises. John Doe and Mary Roe also threatened individually and in concert with others to attack and physically harm defendants and their agents if they did not leave the premises.

"XI.

"As a direct result of the above described action, the third party plaintiffs were forced to abandon the foregoing described premises and * * * may be held liable to plaintiff for the sum demanded by plaintiff in its complaint.

"WHEREFORE, defendants request that * * * in the event that the Court should determine that defendants are in any way liable to plaintiff, [judgment be entered] granting the defendants * * * an equal amount over and against third party defendants and each of them by way of contribution or indemnity."

The issues raised are whether the order dismissing appellant's third-party complaint is appealable, and whether the third-party complaint states a claim up which relief can be granted in the third-party action.

■ Respondents challenge the appealability of the court's order dismissing appellant's third-party complaint.[4] The matter

---

[4] Respondents also challenge the appealability on the ground that the time for appeal had expired. The trial court's order was entered June 20, 1974, but notice of its filing was not served on appellants by respond-

was brought before the court on an alternative motion for judgment on the pleadings, Rules of Civil Procedure, Rule 12.03, or summary judgment, Rule 56. The third-party complaint was dismissed on the basis of the trial court's ruling that it failed to state a claim upon which relief could be granted. A challenge to a pleading on that ground, while permitted under Rule 12.03 after a responsive pleading has been served, is also permitted under Rule 12.02(5) prior to a responsive pleading. See, also, Rule 12.08(2). The court's memorandum attached to the order of dismissal makes it clear that the failure to state a claim is limited solely to a failure to state a cause of action cognizable in a third-party action under Rule 14.01.

How the trial court's order is characterized procedurally is critical to its appealability. If viewed as an order granting judgment on the pleadings, it is nonappealable, Locke v. Henry, 273 Minn. 491, 141 N. W. 2d 736 (1966); In re Estate of Colby, 223 Minn. 157, 25 N. W. 2d 769 (1947); McClearn v. Arnold, 173 Minn. 183, 217 N. W. 106 (1927); 3 Hetland & Adamson, Minnesota Practice, p. 275; and similarly, if viewed as an order dismissing a third-party action, it is nonappealable. Cf. Luethi v. Stanko, 240 Minn. 380, 61 N. W. 2d 522 (1953); Chapman v. Dorsey, 230 Minn. 279, 41 N. W. 2d 438 (1950). However, if viewed as an order dismissing an action for failure to state a claim under Rule 12.02(5), it is appealable, Royal Realty Co. v.

ents, as required by Rules of Civil Appellate Procedure, Rule 104.01, until December 20, 1974. Appeal was taken from that *order* January 10, 1975, well within the 30-day limitation. Respondents cite Rules of Civil Procedure, Rule 58.01, for the proposition that the time for appeal began to run on the date the order was entered since the effect of the order was to deny appellants all relief, a circumstance which under Rule 58.01 is supposed to cause the clerk to enter judgment forthwith. The argument loses sight of at least two facts: (1) No judgment was entered nor has any judgment ever been entered on the dismissal, and (2) Rule 54.02 would have prevented entry of judgment unless so ordered by the trial court, which was not the case here. (Rule 54.02 is discussed *infra*).

Levin, 243 Minn. 30, 66 N. W. 2d 5 (1954). Further complicating matters is Rule 54.02, which apparently precludes the appeal of an order in multiparty or multiclaim lawsuits where the order adjudicates less than all the claims of the rights and liabilities of less than all parties. [5]

In the opinion of the court, the parties have not adequately stated all of the facts on which the third-party relief was sought; nor have they adequately briefed the subject of the appealability of the trial court order. Moreover, the main action has been tried to judgment, which has already been satisfied. We, therefore, decline to decide whether the order of the trial court was appealable.

■ However, in our opinion the trial court correctly decided that, on the facts contained in the record, the subject of the third-

---

[5] Rule 54.02 provides as follows: "When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In Buchman Plumbing Co. Inc. v. Regents of the University of Minnesota, 293 Minn. 437, 439, 196 N. W. 2d 629, 630 (1972), this court held that an order dismissing one of two defendants for failing to state a claim upon which relief could be granted is not appealable, saying: "We therefore hold that in a multiparty action an order dismissing one of the parties for failure to state a claim upon which relief may be granted is not an appealable order and that an appeal from such an order must be dismissed unless the trial court expressly determines that there is no reason for delay and directs the entry of judgment thereon. The order dismissing the cause of action is subject to revision in the trial of the remaining issues and is subject to review by this court in the event of an appeal after an adjudication of the remaining issues."

party action was not a proper subject for relief in a third-party action. Koenigs v. Travis, 246 Minn. 466, 75 N. W. 2d 478 (1956); Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. 2d 843 (1960). The order and memorandum of the trial court make it quite clear that the court did not intend to bar future independent action. The effect of the order of the trial court, therefore, was limited to a dismissal of the third-party action only. The third-party plaintiffs are free to bring their action against the third-party defendants by a separate action and new pleadings.

Affirmed.