**Willard F. BROWNE, Respondent,**

v.

**The AETNA CASUALTY & SURETY COMPANY, Defendant and Third Party Plaintiff, Appellant,**

**Norman Perl, et al., Respondents,**

**Cortlen Cloutier, individually and Cortlen Cloutier, P.A., Defendants.**

**No. C4–85–1204.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Review Denied Jan. 31, 1986.

James P. Miley, Thomas J. Flynn, Bloomington, for Willard F. Browne.

Theodore J. Collins, John R. Schulz, St. Paul, for Aetna Casualty & Surety Company.

W.D. Flaskamp, Charles E. Spevacek, Minneapolis, for Norman Perl, et al.

Stephen Patrick Doyle, Minneapolis, for Cortlen Cloutier, individually and Cortlen Cloutier, P.A.

Heard, considered, and decided by HUSPENI, P.J., and LANSING and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal from a judgment of dismissal of a third party complaint. The trial court ordered the dismissal, under Minn.R.Civ.P. 12.02(5), of The Aetna Casualty & Surety Company's (Aetna) complaint against Norman Perl and Richard Hunegs, individually and as DeParq, Anderson, Perl, Hunegs & Rudquist, a professional corporation (Perl), and Cortlen Cloutier, individually and as Cortlen Cloutier, P.A. (Cloutier). We affirm.

## FACTS

The main action in this case was brought on January 23, 1985, by Willard Browne against his former employer, Aetna. Browne's suit alleges that Aetna wrongfully terminated his employment as a claims adjuster with Aetna. His termination arose out of a conflict of interest whereby Browne received consulting fees from law firms whose clients had Dalkon Shield claims against Aetna's insureds. While an employee of Aetna, Browne evaluated claims of the Perl and the Cloutier firms from 1976 to 1979. *See Rice v. Perl*, 320 N.W.2d 407, 408 (Minn.1982). Aetna maintains that it terminated Browne in accordance with its policy prohibiting outside employment which presents a conflict of interest.

Browne's complaint alleges that Aetna violated Minnesota law which prohibits age discrimination; that Aetna breached his employment contract; that Aetna breached its duty of good faith and fair dealing; that Aetna's termination was an illegal retaliatory discharge; that Aetna intentionally inflicted emotional distress on him; and that Aetna's conduct demonstrated a willful indifference to the rights of others. Browne seeks compensatory and punitive damages from Aetna.

Aetna sought to implead Perl and Cloutier as third party defendants and served a third party summons and complaint on them on March 25, 1985. That complaint alleged, in part, that if Browne was injured by conduct other than his own, it was that of the third party defendants who surreptitiously employed Browne. Alternatively, Aetna contended that the acts of Perl and Cloutier caused Aetna substantial personal harm, including requiring it to defend itself in repeated litigation, requiring it to incur substantial costs in investigating and reinvestigating claims practices involving Browne, Perl and Cloutier, and subjecting it to defamation and bad repute in the business and legal community. Aetna asked for compensatory and punitive damages.

In lieu of an answer, Perl and Cloutier responded to the complaint with a motion to dismiss. The motion was based on the theory that Aetna's third party complaint failed to comply with Minn.R.Civ.P. 14, the rule which allows a party to implead a third party. In support of the motion, Browne and his attorney submitted affidavits stating that Browne had no complaint against Perl and Cloutier and he did not seek compensation from them based upon his causes of action filed against Aetna. The trial court granted Perl's and Cloutier's motion to dismiss.

Aetna appeals, arguing that this case presents an appropriate use of rule 14 because (1) Aetna's third party complaint raises a liability issue which is derivative of the outcome of the main action; (2) its third party complaint asserts facts which establish that Perl and Cloutier are liable for

Browne's claims; and (3) both claims arise from the same incident or aggregate set of facts.

## ISSUE

Did the trial court err by dismissing the third party complaint?

## ANALYSIS

■ Rule 14 provides that a defendant as a third party plaintiff may bring another party into the lawsuit "who is or may be liable to him for all or part of the plaintiff's claim against him." Minn.R.Civ.P. 14. Rule 14 is a procedural rule which does not create new substantive rights. *Grothe v. Shaffer,* 305 Minn. 17, 25, 232 N.W.2d 227, 232 (1975). There is no absolute right to implead a party. *Id.* at 25, 232 N.W.2d at 233. It is a matter of discretion for the trial court. *Id.*

In order to implead a third party, the alleged liability of a third party defendant must be derived from the original defendant's alleged liability to the plaintiff. Claims to which Rule 14 applies are typically contribution and indemnity. *Id.* Other claims which may be proper under Rule 14 are subrogation and warranty. *See Koenigs v. Travis,* 246 Minn. 466, 469, 75 N.W.2d 478, 481 (1956).

Perl and Cloutier urge that Aetna failed to allege that Perl and Cloutier were commonly liable to Browne, and therefore, that the trial court did not err in dismissing Aetna's third party complaint. Perl and Cloutier further argue that Aetna has merely alleged against them a separate cause of action which is unrelated to Aetna's potential liability to Browne.

Aetna admits it is not pursuing a case of direct liability between Browne and Perl and Cloutier, but it asserts that its claim is not entirely independent of the main action. We agree that to some extent the same basic set of facts give rise to both Browne's and Aetna's complaints. However, Aetna seeks damages from Perl and Cloutier based on a legal theory which is technically distinct from Browne's claims against Aetna.

Aetna argues that Perl and Cloutier are liable to Aetna for committing the tort of intentional interference with a principal-agent relationship as set out in *Continental Management, Inc. v. United States,* 527 F.2d 613 (Ct.Cl.1975). *Continental Management* stands for the proposition that all knowing participants in a scheme involving an agent's breach of duty may be held jointly liable *to the principal* for the agent's secret profits. *Id.* at 617–19. This tort has little in common with Browne's suit for wrongful discharge and, of course, Browne himself has stated in his affidavit that he neither complains about nor seeks compensation from Perl and Cloutier in his action against Aetna. Aetna's only claim against Perl and Cloutier which may relate to Browne's complaint against Aetna is the claim that arises from a breach of contract theory. This possible relationship of a single claim is not enough for us to conclude that the trial court abused its discretion in granting the dismissal.

■ Finally, we note that the trial court's dismissal of the third party complaint does not necessarily bar an independent action by Aetna against Perl and Cloutier. *See Olson v. Burt,* 307 Minn. 142, 147, 239 N.W.2d 212, 215 (1976). The trial court's dismissal order applies only to the third party action.

## DECISION

The trial court did not abuse its discretion by dismissing the third party complaint.

Affirmed.