## In re ESTATE OF Marvin MATHEWS.

### No. C6–96–1362.

Court of Appeals of Minnesota.

Jan. 7, 1997.

Review Denied March 20, 1997.

---

Robert A. Nicklaus, Nicklaus Law Firm, Chaska, for Appellants Phyllis Neubarth, Shirley Richert, and Arnold Mathews.

Hubert H. Humphrey, III, Attorney General, Allison M. Dibley, Asst. Attorney General, St. Paul, for Respondent Department of Human Services.

Considered and decided by LANSING, P.J., and HUSPENI and NORTON, JJ.

## OPINION

HUSPENI, Judge.

Appellants challenge the district court's order to sell decedent's homestead to pay claims for decedent's medical care. We affirm.

## FACTS

Prior to his death in 1991, Marvin Mathews was at various times committed to health care facilities as mentally ill and mentally ill and dangerous. He was a patient at the St. Peter Regional Treatment Center, the Rochester State Hospital, and the Willmar Re-

gional Treatment Center, where the cost of his care was $396,544.33, and at the Ah–Gwah–Ching Nursing Home, where the cost of his care was $38,326.90.

Following Mathews's death, respondent Minnesota Department of Human Services (DHS) filed claims for these amounts pursuant to Minn.Stat. § 246.53 (1994). Mathews's personal representative, Phyllis Neubarth, denied the claims. DHS petitioned the district court for allowance of the claims; the court issued an order allowing them and requiring the sale of Mathews's homestead to pay them in part. Neubarth appealed from this order; her appeal was dismissed. *In re Estate of Mathews,* No. C4–94–1999 (Minn. App. Nov. 8, 1994) (order op.). Neubarth then filed a final account and petition for order of complete settlement of the estate and decree of distribution with the district court. The petition made no reference to the order requiring sale of the homestead and did not list the homestead as an asset available for meeting the DHS claims. The district court denied the final accounting and proposed settlement and decree and again ordered the sale of the homestead. Appellants, Phyllis Neubarth in her capacity as personal representative and her capacity as heir, and Shirley Richert and Arnold Mathews, both heirs, challenge this order.

### ISSUES

1. Did the district court have jurisdiction to order the sale of decedent's homestead?

2. Is a homestead exempt from Minn. Stat. § 246.53 claims?

3. Are Minn.Stat. §§ 510.05 and 525.145(3) (1994) (repealed 1995)[1] unconstitutional?

### ANALYSIS

#### Standard of Review

■ The construction of a statute is a question of law and thus fully reviewable by

an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

### 1. Jurisdiction

■ Minn.Stat. § 525.145(3) provides:

Where the homestead passes by descent or will to the spouse or children or issue of deceased children, it shall be exempt from all debts which were not valid charges thereon at the time of decedent's death except that the homestead shall be subject to a claim filed pursuant to section 246.53 for state hospital care * * *. **No lien or other charge against any homestead which is so exempted shall be enforced in the probate court, but the claimant may enforce the lien or charge by an appropriate action in the district court.**

(Emphasis added.) Appellants argue that the DHS claims are a "lien or charge"[2] which may not be enforced in probate court but only in district court, and that the probate division of the district court therefore lacked jurisdiction. We disagree.

In 1984 Minn.Stat. § 487.191 was enacted to merge district and probate courts.

[T]here shall be one general trial court of the judicial district to be known as the district court, which shall also be a probate court. * * *

Upon the effective date of a judicial reorganization, the district court * * * shall also exercise the powers, duties and jurisdiction conferred upon courts by this chapter and chapters 260, 484, 491, 492, 493, and 525.

Clearly, the district court is a probate court. Therefore, a statutory provision that a right may be enforced only in district court, not in probate court, is now meaningless. There is no district court which is not also a probate court, and no distinction between the courts.[3]

---

1. The statute was in effect at all times relevant in this case.

2. While we accept this designation for the purpose of our analysis, we note that the statute refers to a "claim" against the homestead. The fact that "claim" is a term associated with probate rather than real property law could indicate

that the legislature envisioned probate jurisdiction.

3. The legislature has resolved this anomaly. *See* 1996 Laws ch. 277, § 1: "The revisor of statutes shall change the words 'probate court' to 'district court' or delete the words 'probate court' in Minnesota Statutes 1996 * * *."

*See also In re Huesman,* 354 N.W.2d 860, 864 (Minn.App.1984) (holding that the probate court's jurisdiction over the sale or conveyance of a family farm prior to the merging of the courts was questionable, but that subsequent to the merger "the court may properly assume jurisdiction of this matter").

## 2. Homestead Exemption

[3] The DHS claims were filed pursuant to Minn.Stat. § 246.53, subd. 1 (1994), permitting the commissioner of human services to file a claim

> [u]pon the death of a client, or a former client [for] the total cost of care given the client, * * * against the estate of the client with the court having jurisdiction to probate the estate * * *.

Minn.Stat. § 510.05 (1994) provides that:

> Such homestead exemption shall not extend to any mortgage lawfully obtained thereon, to any valid lien for taxes or assessments, to a claim filed pursuant to section 256B.15 or 246.53 or to any charge arising under the law relating to laborers or material suppliers' liens.

Similarly, Minn.Stat. § 525.145(3) provides that:

> Where the homestead passes by descent or will to the spouse or children or issue of deceased children, it shall be exempt from all debts which were not valid charges thereon at the time of decedent's death **except that the homestead shall be subject to a claim filed pursuant to section 246.53 for state hospital care * * *.**

(Emphasis added.) The bolded portion was added by a 1982 amendment.

The amended statute was construed in *Eustice v. Jewison,* 413 N.W.2d 114, 121 (Minn.1987), holding that the claim of decedent's children to the homestead took precedence over the claim of a judgment creditor.

> [R]espondent [judgment creditor] argues that * * * the purpose of the homestead exemption—to preserve the homestead for the debtor's family—will not be served since the [homestead] property must be sold to satisfy the state hospital claim. Respondent further objects that the state will receive payment on a lien that was

initially inferior to her judgment [lien on the property].

> However, this appears to be the result intended by the legislature. The statute governing descent of the homestead expressly provides for descent free of all debts **except** for state hospital care or medical assistance. Minn.Stat. § 515.145(3) (1984). Presumably the legislature recognized that, in some circumstances, the homestead would not necessarily be preserved. The statute also appears to intend to grant priority treatment to state hospital claims while maintaining an exemption for other creditors' claims.

*Id.* (emphasis in original). *Eustice* acknowledged that debts for state hospital care or medical assistance take priority to the homestead exemption. *Id.* We are unpersuaded by appellants' argument that *Eustice* reflects only the Minnesota Supreme Court's skepticism about the legality of the 1982 amendment.

## 3. Constitutionality of Minn.Stat. §§ 510.05 and 525.145(3)

■ Appellants argue that, insofar as these statutes provide that homesteads are not exempt from claims made under Minn. Stat. § 246.53, the statutes violate Article I, Section 12 and the Uniformity Clause of the Minnesota Constitution. Article I, Section 12 provides that "A reasonable amount of [a decedent's] property shall be exempt from seizure or sale for the payment of any debt or liability." The legislature has decided both that homesteads are exempt property, *see* Minn.Stat. § 525.145, and that there are exceptions to that exemption, *see* Minn.Stat. § 525.145(3). Appellants offer no support for their view that the legislature had authority to specify **what** property would be exempt but not to **limit** that exemption.

■ The criterion for determining whether a statutory classification violates the uniformity clause is whether the classification is clearly arbitrary and has no reasonable basis, i.e. is not rationally related to legitimate legislative goals. *See In re Conservatorship of Bauer,* 451 N.W.2d 347, 349 (Minn.App. 1990). The legislative goal of providing

treatment to patients at state-owned or state-operated facilities without regard to the equity a patient might have in a homestead and without requiring the patient and his or her family to divest themselves of the homestead in order to qualify for receipt of benefits is served by deferring the state's right to collect for treatment until after a patient's death. The state is then accorded rights superior to those of other creditors. This policy does not lack a reasonable basis; it is rationally related to a legitimate legislative goal. There is no constitutional violation.

## DECISION

The district court had jurisdiction to order the sale of decedent's homestead to pay the DHS claims for his care; there is no statutory obstacle to selling a homestead to pay for state-provided medical care, and the statutes permitting this are not unconstitutional.

**Affirmed.**