*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1101**

John R. Voita, Special Administrator of the Estate of Vivian P. Voita,
Appellant,

vs.

Thomas Parrish,
Respondent.

**Filed March 9, 2015
Affirmed as modified
Larkin, Judge**

Dakota County District Court
File No. 19HA-CV-14-361

John R. Voita, Amery, Wisconsin (pro se appellant)

Arthur L. Brown, Briggs and Morgan, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Pro se appellant, special administrator of a probate estate in Ramsey County District Court, challenges the dismissal of a lawsuit he filed against respondent in Dakota

County District Court, seeking to recover funds allegedly diverted from the estate. Appellant argues that the Dakota County District Court erred by concluding that it did not have subject-matter jurisdiction and that appellant failed to state a claim upon which relief could be granted. We conclude that the Dakota County District Court did not err by declining to exercise jurisdiction. However, because the district court declined to exercise jurisdiction, it should not have reached the merits of appellant's complaint and dismissed it with prejudice. We therefore affirm the dismissal on jurisdictional grounds, but we modify the dismissal so that it is without prejudice.

## FACTS

Vivian P. Voita died on November 19, 2010. Appellant John R. Voita and respondent Thomas J. Parrish are named beneficiaries in decedent's will. In December 2011, Voita petitioned the probate division of the Ramsey County District Court (probate court) for formal probate of the will and appointment as personal representative of the estate. In February 2012, the probate court appointed Voita as Special Administrator of the Estate of Vivian P. Voita. The probate court authorized Voita to research the existence of probate assets and to access decedent's banking and financial records.

After reviewing decedent's financial records, Voita notified the probate court that $77,643.95 was missing from the estate. Voita alleged that decedent sold her home in March 2003 for approximately $161,000. In April 2003, the decedent and Parrish opened a joint account and deposited $115,000 in the account. On the day the account was opened, decedent and Parrish purchased a certificate of deposit in the amount of $45,000. In May 2003, Parrish purchased three $25,000 certificates of deposit solely in his name.

2

In September 2012, Voita asked the probate court to order Parrish to turn over all of his financial records and tax returns from 2003 through 2010.

In response, a probate court referee informed Voita, by letter dated September 28, 2012, that "[u]nder the Minnesota Multi-Party Accounts Act, funds in a joint account go to the survivor of the account absent evidence that it should go elsewhere." The referee further informed Voita that "[o]nce these funds were put into joint ownership with Thomas Parrish, the money was no longer in a position to be part of the probate estate or to be distributed in accordance with the Will unless you can provide a legal basis and evidence that it should." It does not appear that Voita took further action in the probate court. In this appeal, Voita states that "[t]he estate of [decedent] has never been settled as of this date, and can be made active at any time by [Voita]."

In February 2014, Voita filed an action for conversion against Parrish in Dakota County District Court. The complaint alleged that Parrish had been decedent's conservator and that he "converted to his own use, funds of Vivian P. Voita during her lifetime, in excess of $77,643.95," as well as additional funds after her death. The complaint described the joint account and certificates of deposit, and alleged that there was no evidence that monies used to purchase the three certificates of deposit in May 2003 were ever returned to the decedent. Parrish moved to dismiss the complaint on the grounds that the probate court had exclusive jurisdiction over the matter and that Voita had failed to state a claim upon which relief could be granted.

In April 2014, the Dakota County District Court granted Parrish's motion to dismiss. The district court ruled that it did not have subject-matter jurisdiction over

3

matters included in the probate court file. The district court also ruled that Voita failed to state a claim upon which relief could be granted and dismissed his complaint with prejudice. This appeal follows.

## D E C I S I O N

Voita challenges the district court's conclusions that it lacked subject-matter jurisdiction and that he failed to state a claim upon which relief could be granted. He asks this court to set aside the district court's decision and order the district court to transfer jurisdiction to Ramsey County District Court or to dismiss the matter without prejudice.

### I.

"Subject-matter jurisdiction is 'a court's power to hear and determine cases of the general class or categor[ies] to which the proceedings in question belong.'" *Bode v. Minn. Dep't of Natural Res.*, 594 N.W.2d 257, 259 (Minn. App. 1999) (quoting *Black's Law Dictionary* 1425 (6th ed. 1990)), *aff'd*, 612 N.W.2d 862 (Minn. 2000). The existence of subject-matter jurisdiction is a question of law which this court reviews de novo. *Shaw v. Bd. of Regents of the Univ. of Minn.*, 594 N.W.2d 187, 190 (Minn. App. 1999), *review denied* (Minn. July 28, 1999).

Probate courts have "been consolidated into district courts of general jurisdiction." *In re Estate of Janecek*, 610 N.W.2d 638, 641 (Minn. 2000). "There is no district court which is not also a probate court, and no distinction between the courts." *In re Estate of Mathews*, 558 N.W.2d 263, 265 (Minn. App. 1997), *review denied* (Minn. Mar. 20, 1997); *see also* Minn. Stat. §§ 484.011 ("The district court shall also be a probate

4

court."), .86, subd. 1 (2014) (permitting district courts to create divisions, including probate divisions).

A probate court has exclusive jurisdiction over actions "to determine how decedents' estates subject to the laws of this state are to be administered, expended and distributed." Minn. Stat. § 524.3-105 (2014). The probate court has concurrent jurisdiction of any other action in which the personal representative may be a party, including actions to determine title to property alleged to belong to the estate. *Id.* The probate court also has jurisdiction "over all problems that arise in resolving an estate except those issues excluded by statute." *In re Estate of Sangren*, 504 N.W.2d 786, 789 (Minn. App. 1993).

Because Voita brought his conversion claim in his capacity as Special Administrator of the Estate of Vivian P. Voita to recover funds that allegedly belong to the estate, the probate court has jurisdiction over the claim. *See* Minn. Stat. § 524.3-105. But it does not follow that the Dakota County District Court lacked jurisdiction. Instead, the probate court and Dakota County District Court had concurrent jurisdiction. *See* Minn. Const. art. VI, § 3 (stating that the district court has "original jurisdiction in all civil . . . cases"); Minn. Stat. § 524.3-105 (describing the probate court's concurrent jurisdiction). We nonetheless conclude that the Dakota County District Court did not err by dismissing the conversion action on jurisdictional grounds.

"The first-filed rule provides that where two courts have concurrent jurisdiction, the first to acquire jurisdiction generally has priority to decide the case." *Medtronic, Inc.*

*v. Advanced Bionics Corp.*, 630 N.W.2d 438, 448-49 (Minn. App. 2001). The rule is that:

> Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts . . . .

*State ex rel. Minn. Nat'l Bank of Duluth v. District Court*, 195 Minn. 169, 173, 262 N.W. 155, 157 (Minn. 1935) (quotation omitted).

In deciding whether to defer to another court's exercise of jurisdiction, "a district court considers judicial economy, comity between courts, and the cost to and the convenience of the litigants; and must assess the possibility of multiple determinations of the same dispute." *Medtronic*, 630 N.W.2d at 449. The second court "should seek to determine which of the two actions will serve best the needs of the parties by providing a comprehensive solution of the general conflict." *Minn. Mut. Life. Ins. v. Anderson*, 410 N.W.2d 80, 82 (Minn. App. 1987) (quotation omitted). Application of the first-filed rule is reviewed for an abuse of discretion. *Medtronic*, 630 N.W.2d at 449.

In dismissing Voita's conversion action for lack of jurisdiction, the district court reasoned that "[t]he claims in this matter are the same claims that were asserted in the probate matter." We agree. In both the probate and district court proceedings, Voita alleged that $77,643.95 is missing from the probate estate and that the missing funds are related to decedent and Parrish's joint account and Parrish's certificates of deposit.

6

Because the conversion and probate actions involve the same parties and claims, and the probate court exercised jurisdiction first, the Dakota County District Court did not abuse its discretion in deferring to the probate court's exercise of jurisdiction.

Voita argues that the Dakota County District Court erred in its jurisdictional ruling because the conversion action "had nothing to do with the estate of Vivian P. Voita, as relates to the Ramsey County Probate Court, nor was it authorized by any Ramsey County Court official, whether judge or referee." The record refutes that argument. Voita filed the conversion action as the "Special Administrator of the Estate of Vivian P. Voita." Moreover, Voita's allegations in the probate proceeding are the same as his allegations in the conversion action. Lastly, Voita's brief states that he used the conversion lawsuit "to ascertain the additional documents needed to go back to the Ramsey County Probate Court" and as a result, gained information that "will be used in the Ramsey County Probate Court to determine the actual assets of the decedent." In sum, Voita's argument that the probate and conversion cases are unrelated is without merit.

Voita also argues that the Dakota County District Court should have transferred the conversion case to Ramsey County, instead of dismissing it. He does not cite authority to support that proposition. An assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971)). Given Voita's assertions that the probate

7

estate "has never been settled," that he can make it "active at any time," and that he has obtained the information he needs to proceed in the probate action, we discern no obvious prejudicial error resulting from the dismissal on jurisdictional grounds.

In sum, Dakota County District Court did not abuse its discretion by declining to exercise jurisdiction over Voita's conversion claim and dismissing the claim.

## II.

Even though the Dakota County District Court concluded that it lacked jurisdiction, it nonetheless ruled on the merits of Voita's conversion claim under Minn. R. Civ. P. 12.02(e). Rule 12.02(e) allows a party to assert by motion the defense of "failure to state a claim upon which relief can be granted." "A rule 12.02(e) motion raises the single question of whether the complaint states a claim upon which relief can be granted." *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 739 (Minn. 2000). Dismissal for failure to state a claim under Rule 12.02(e) operates as an adjudication on the merits and is with prejudice. *See* Minn. R. Civ. P. 41.02(c) (providing that unless the court specifies otherwise, any dismissal, except dismissals for lack of jurisdiction, forum non conveniens, or failure to join an indispensable party, operates as an adjudication on the merits); *Royal Realty Co. v. Levin*, 243 Minn. 30, 32, 66 N.W.2d 5, 6 (Minn. 1954) (concluding that a dismissal under rule 12.02 is governed by rule 41.02(c) and is thus on the merits).

"If the court lacks jurisdiction over the subject matter, it never reaches the merits of the case." *State Bd. of Med. Exam'rs v. Olson*, 295 Minn. 379, 388, 206 N.W.2d 12,

18 (Minn. 1973); *see also Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) ("[T]he failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted . . . must be decided after and not before the court has assumed jurisdiction over the controversy."). Because the district court declined to exercise jurisdiction, it should not have ruled on Parrish's motion to dismiss for failure to state a claim. Thus, the resulting dismissal with prejudice constitutes error. We therefore modify the dismissal so that it is without prejudice.

**Affirmed as modified.**